UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
(EASTERN DIVISION)

Case # 1:04-CV-12300-EFH

MICRO SIGNAL RESEARCH, INC., )
)
Plaintiff, )
)
v. )
)
NURI OTUS and MAUREEN CUNNINGHAM, )
)
Defendants, )
)
and )
)
CUPERTINO NATIONAL BANK & TRUST, )
)
Trustee Defendant. )
)

AFFIDAVIT OF NURI OTUS IN OPPOSITION TO PLAINTIFF'S MOTIONS FOR TEMPORARY
RESTRAINING ORDER, TRUSTEE PROCESS ATTACHMENT, AND REAL ESTATE ATTACHMENT

I, Nuri Otus, depose and state, based on my personal knowledge and under the penalty of perjury, as follows:

1. AuctioNet.com, Inc. ("AuctioNet") was incorporated in the State of California in August, 1999. A true copy of California Secretary of State's Certificate of Status confirming this fact is attached hereto as Exhibit 1.

2. AuctioNet's Articles of Incorporation were amended and restated on July 20, 2000 in connection with the company's efforts to obtain financing. A true copy of AuctioNet's Amended and Restated Articles of Incorporation are attached hereto as Exhibit 2.

3. My wife, defendant Maureen Cunningham, and I were shareholders of AuctioNet. True copies of AuctioNet's records reflecting stock ownership as of June 30, 2001 is attached hereto as Exhibit 3.

4. My wife and I did not exercise pervasive control over the affairs of AuctioNet, rather, the corporation was managed by an active board of directors, consisting of Michaela O'Connor Abrams, Bruce Lange, Chong-Moon Lee and Samuel Lee. True copies of the Agendas for several of AuctioNet's board of directors meetings are attached hereto as Exhibit 4.

5. The initial business of AuctioNet was to build and maintain a business to consumer website, similar to E-bay, that specialized in the sale and resale of high technology equipment.

6. In or about July, 2001, AuctioNet merged into Realm Connect Corporation ("Realm"). Realm's business activities consisted of the creation and application of web-based technology, utilized by popular web sites such as AOL, to buy and sell products online. Realm continued the activities of AuctioNet under its corporate umbrella. A true copy of the California Secretary of State's web portal information sheet for Realm is attached hereto as Exhibit 5.

7. My wife and I, as of June 2001, owned one hundred percent (100%) of the Series A Preferred stock of Realm. There were also approximately fifty (50) Series B Preferred shareholders, the largest of which were Chong-Moon Lee

and Global Virtual Accelerator, LLC. The total number of issued and outstanding shares in Realm as of June 30, 2001 exceeded 16,000,000, of which my wife and I held approximately 7,500,000 shares, or forty-four percent (44%). True copies of Realm's corporate records reflecting stock ownership in the company as of June 30, 2001 and March 5, 2002 are attached hereto as Exhibit 6.

8. Notwithstanding our equity interest in Realm, my wife and I did not exercise pervasive control over the affairs of the corporation. Rather these matters were managed by an active board of directors consisting of myself, Sam Lee, and Chong-Moon Lee. True copies of the Agendas for several of Realm's board of director meetings are attached hereto as Exhibit 7.

9. Realm d/b/a AuctioNet consistently maintained corporate formalities, held frequent board meetings and strictly segregated corporate operations from the financial affairs of the shareholders.

10. In or about July, 2004, having failed to successfully market its product and services for several quarters, and having failed to attract sufficient equity investment, Realm ceased to do business. A true copy of my letter to creditors and investors regarding this action, dated August 3, 2004, is attached hereto as Exhibit 8.

11. Plaintiff's alleged agreement was not with me personally or my wife, but rather with Realm, d/b/a AuctioNet. All of the email communications

from me to Mr. Epstein regarding the contemplated transaction, which are reproduced in his affidavit, explicitly declare that I was acting in my capacity as CEO of AuctioNet.

12. Moreover, my email to Mr. Epstein dated November 9, 2003 directed wire transfer of funds to an account at Cupertino National Bank in the name of "Realm Connect Corporation d/b/a AuctioNet.com." Micro Signal Research, Inc. ("MSR") and Mr. Epstein knew, or should have known, that they were transacting business with a corporate entity, and not me in my individual capacity.

13. In or about July, 2004, I became employed as an independent contractor by Asset Management Associates Group, Ltd., an entity organized under the laws of the State of Delaware, with a principal place of business located at 840 Burlway Road, Burlingame, California ("AMA"). I am neither an officer, director, nor shareholder of the corporation. My wife does, however, hold stock in the company. True copies of the Delaware Secretary of State's Certificate of Status for AMA is attached hereto as Exhibit 9.

14. On or about October 28, 2004, AMA conducted an auction of equipment owned by BeamReach Networks, and located in Santa Clara, California. Although it will earn a commission in connection with its role as auctioneer, AMA is contractually obligated to disburse funds generated from the auction to BeamReach Networks.

15. Attached hereto as Exhibit 10 is a true copy of Cupertino National

Bank & Trust's web home page. To the best of my knowledge, the bank conducts business only in California, and has only six branch offices, all located in the San Francisco Bay area.

16. Neither my wife nor I own real estate or other property in the Commonwealth of Massachusetts.

17. I have read the allegations contained in the Affidavit of Mr. Epstein, notably paragraph 46, and specifically deny that I utilized any funds tendered by MSR for personal use or gain, or to purchase equipment for AMA. The funds tendered by MSR were at all times under the control of Realm, which, unfortunately, expended them for corporate purposes other than the contemplated transaction with MSR.

Signed under the pains and penalties of perjury this 4th day of November, 2004.

_____
NURI OTUS

## CERTIFICATE OF SERVICE

I, Michael C. Fee, hereby certify that a true copy of the foregoing document was served upon all counsel of record, by hand delivery, directed to Timothy J. Perry, Esq., Perry, Krumsiek & Wayland, P.A., Suite 200, 114 State Street, Boston, MA 02109 this 1st day of November, 2004.

_____
Michael C. Fee

affno.doc