UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
(EASTERN DIVISION)

Case # 1:04-CV-12300-EFH

| | |
|---|---|
| MICRO SIGNAL RESEARCH, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| NURI OTUS and MAUREEN CUNNINGHAM, | ) |
| | ) |
| Defendants, | ) |
| | ) |
| and | ) |
| | ) |
| CUPERTINO NATIONAL BANK & TRUST, | ) |
| | ) |
| Trustee Defendant. | ) |

## DEFENDANT MAUREEN CUNNINGHAM'S MOTION TO DISMISS, OR FOR MORE DEFINITE STATEMENT

Pursuant to Fed. R. Civ. P. 12(b)(6), defendant Maureen Cunningham ("Ms. Cunningham") moves to dismiss each count of the complaint asserted against her, because plaintiff fails to allege any conduct on her part, either express or implied, which might form the basis for a claim upon which relief may be granted. In addition, the Court lacks *in personam* jurisdiction over Ms. Cunningham, as plaintiff has failed to allege or establish any minimum contacts with the Commonwealth of Massachusetts. Alternatively, Ms. Cunningham moves, pursuant to Fed. R. Civ. P. 12(e), that the Court require a more definite statement setting forth with specificity all actionable conduct

allegedly undertaken by Ms. Cunningham.

## I.    Introduction

Ms. Cunningham is married to Nuri Otus ("Mr. Otus") (collectively, "defendants").  During the relevant time period, Ms. Cunningham and Mr. Otus were shareholders of AuctioNet.com, Inc. ("AuctioNet"), which subsequently merged into Realm Connect Corporation (the "Company").  The Complaint filed by Micro Signal Research, Inc. ("MSR") contains only one specific reference to Ms. Cunningham, alleging that she ". . .[h]eld herself out as a vice president and chief financial officer of AuctioNet" (Complaint, ¶3).  The Complaint contains no other specific allegation that Ms. Cunningham said, did, or represented anything which could be construed as a basis for MSR's claims.

### A.    There Are No Specific Factual Allegations Against Ms. Cunningham.

The Complaint contains nine counts.  Counts one through seven generally allege wrongful conduct by both defendants, but paragraphs six through forty-seven, those allegations common to all counts, contain only four references to Ms. Cunningham.  The paragraphs that do refer to Ms. Cunningham, however, do not allege that she took any specific actions, or made any specific statements.  In paragraph 28, MSR alleges that Mr. Epstein wrote a letter to "Mr. Otus, Ms. Cunningham and Greg Quiroga recounting the relevant facts of this matter".  In paragraph 36, MSR references a letter to Mr. Otus and Ms. Cunningham from Wells Fargo Home Mortgage regarding mortgage refinancing.  In paragraph 29, MSR alleges that Attorney Greenseid directed a letter to Mr. Epstein's counsel, recounting a conversation that Attorney Greenseid had with

Ms. Cunningham.  None of these paragraphs contain any actual allegations of specific conduct.  Finally, In paragraph 47, MSR summarily asserts that it is entitled to equitable relief from the Court because "Mr. Otus and Ms. Cunningham's company ('AuctioNet') was apparently never incorporated, and because Mr. Otus and Ms. Cunningham shall dissipate their assets . . .".  This is not a factual allegation against Mr. Cunningham, but a legal conclusion that cannot form the basis for relief.

## II.   Legal Standard

### A.   The Standard on Motion to Dismiss under Fed. R. Civ. P. 12(6)(b)

The Court must accept as true the well pleaded factual allegations of the Complaint, as well as any inference which can be drawn therefrom in the plaintiff's favor.  Telerep Carbide, Inc. v. Zambrano, 266 F. Supp. 2d, 284 (1st Cir. 2003).  "However this does not mean that the [C]ourt must accept conclusory allegations, 'subjective characterizations', or 'outright vituperation.'"  Telerep, 266 F. Supp. at 287, quoting Alternative Energy, Inc. v. St. Paul Fire and Marie Ins. Co., 267 F. 3d 30, 33 (1st Cir. 2001).  See also, Coyne v. City of Somerville, 972 F. 2d 440, 444 (1st Cir. 2001).  "Thus, in order to survive a motion to dismiss under 12(b)(6), [a] defendant must provide 'factual allegations, either direct or inferential, regarding each material element.'"  Telerep, 266 F. Supp. at 287, quoting Cruz-Baez v. Negron Irazarry, 220 F. Supp. 2d 77, 80 (D.P.R. 2002).

### B.   Officer Liability.

In Rhone v. Energy North, Inc., 790 F. Supp. 353 (D. Mass. 1991), this

Court confirmed that "merely identifying a defendant as an "officer" does not adequately allege his involvement in the torts of the corporation." 790 F. Supp. at 363. See also, Lahr v. Adell Chem. Co., 300 F. 2nd 256, 260 (1ST Cir. 1962). In the Rhone decision, the Court specifically addressed whether a complaint sufficiently alleged knowing and willful conduct sufficient to sustain a violation of Mass. G.L. c. 93A. In Rhone, the complaint did not allege any specific facts to support its allegations that the individual officers of the defendant corporation had engaged in unfair and deceptive trade practices. Rhone, 790 F. Supp. at 362.

In support of its decision, the Court relied on Escude Cruz v. Ortho Pharmaceutical Corp., 619 F.2nd 902 (1st Cir. 1980). In Escude Cruz, the Court dismissed the plaintiff's tort claims against the defendant corporate officers because the plaintiff had failed to allege specific facts in support of his general allegations that the defendant officers were personally involved in the company's tortious conduct. Rhone, 790 F. Supp. at 362, citing Escude Cruz, 619 F.2nd at 907-908. Courts have also held that an officer of a corporation does not incur personal liability for a tort committed by the corporation or by one of its other officers merely by virtue of the office which he or she holds in the corporation. Refrigeration Discount Corp. v. Catino, 330 Mass. 230 (1953).[1] The Court held that as to

---

[1] In Refrigeration Discount Corp., the individual defendant moved to dismiss and plaintiff contended that the individual knew that funds turned over to him by a co-defendant came from conversion of plaintiff's property, and that the individual defendant assented to and acquiesced in the co-defendant's wrongdoing. The Court dismissed plaintiff's claims holding that unless the moving defendant had a part in the conversion of the goods he could not be held responsible for their loss, notwithstanding the fact that he was a treasurer and a director of the same corporation as his co-defendant. Id.

third persons a corporate officer, including a treasurer, cannot be held liable unless he or she commits a breach of duty which he owes to a plaintiff. Refrigeration Discount Corp., Id.  Here, MSR has not alleged any direct acts or omissions by Ms. Cunningham.  Rather, the only specific allegation against her is that she "held herself out" as an officer of a company.  This is clearly an insufficient basis to establish any liability on her part.

      C.    Fed. R. Civ. P. 9(b) Requires Particularity.

Fed. R. Civ. P. 9(b) requires that in "all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."  To comply a complaint must specify the time, place and content of representations or acts constituting fraud to provide the defendant with notice of the grounds forming the basis of plaintiff's claim.  McGinty v. Beranger Volkswagon, Inc., 633 F. Supp. 262, 228 (1st Cir. 1980).  The requirement that supporting facts be pled applies even when the fraud relates to matters peculiarly within the knowledge of the opposing party.  Morgan v. Financial Planning Advisors, Inc., 701 F. Supp. 923 (D. Mass. 1988).  When none of a plaintiff's allegations of fraud are pleaded with the particularity required by Fed. R. Civ. P. 9(b), the Court must dismiss plaintiff's claims. Id.

      D.    There must be independent basis for personal jurisdiction over officer of a corporation.

Courts have held that jurisdiction over individual officers of a corporation may not be based merely on jurisdiction over the corporation.

<u>Escude Cruz</u>, 619 F. 2nd at 906.  There must be an independent basis for

preserving long-armed jurisdiction over out-of-state officers and directors of

a corporation.  It is insufficient for a plaintiff to allege that an

individual had contacts within the state other than in their corporate

capacity.  <u>Escude Cruz</u>, 619 F.2nd at 906.  The burden of proving the facts

necessary to sustain jurisdiction is on the plaintiff.  <u>Escude Cruz</u>, 619 F.2nd

at 904.  <u>See</u> <u>also</u>, <u>McNutt v. General Motors Acceptance Corp.</u>, 298 U.S. 178

(1936).  The general rule regarding personal jurisdiction over an individual

corporate officer is provided by the Tenth Circuit:

> ["it is the general rule that if an officer or agent
> of a corporation directs or participates actively in
> the commission of a tortuous act or an act from which
> a tort necessarily follows or may reasonably be
> expected to follow, he is personally liable to a third
> person for injuries approximately resulting therefrom.
> But merely being an officer or agent of a corporation
> does not render one personally liable for a tortuous
> act of the corporation.  Specific direction or
> sanction of, or act of participation or corporation
> in, a positively wrongful act of commission or
> omission which operates to the injury or prejudice of
> the complaining party is necessary to generate
> individual liability and damages of an officer or
> agent of a corporation for the tort of the
> corporation.

<u>Escude Cruz</u>, 619 F.2nd at 907, quoting <u>Lobato v. Payless Drug Stores</u>, 261 F.2nd

406, 408-09 (10th Cir. 1958).  The Court in <u>Escude Cruz</u> also held that

conclusory allegations are insufficient to show personal participation on the

part of a defendant in any conduct that harms the plaintiff.  <u>Escude Cruz</u>, 619

F.2nd at 908.

### III.   <u>Argument</u>

A.   <u>The Claims Against Ms. Cunningham Must Be Dismissed Pursuant to Fed. R. Civ. P. 12(b)(6).</u>

Even taking all of plaintiff's allegations as true, MSR has failed to plead any of the necessary elements of its claims against Ms. Cunningham.  In fact, MSR has failed to allege <u>any</u> specific actions or statements by Ms. Cunningham.  Rather, MSR includes general, conclusory allegations in support of each of its claims for relief.  These conclusory allegations against "Defendants" are insufficient to defeat a motion to dismiss under Rule 12(b)(6), and MSR must prove factual allegations.  In the entire Complaint, there is only one allegation that Ms. Cunningham said or did anything:  she "held herself out as a Vice President and Chief Financial Officer of AuctioNet."  Complaint, paragraph 3.  Despite its blithe lack of specificity, and even if true, the assertion does not form a basis for relief.  AuctioNet is not named as a defendant, and there are no allegations of any elements necessary to pierce the corporate veil.

In Count One, for conversion against Mr. Otus and Ms. Cunningham, MSR alleges that Mr. Otus and Ms. Cunningham converted funds to their own personal use.  The conclusory allegation, however, has no support in the factual backround alleged by MSR.  The wiring instructions provided to MSR by Mr. Otus, attached to the Affidavit of Daniel Epstein ("Epstein Aff.") as Exhibit 7, show that Mr. Otus directed MSR to wire the funds to AuctioNet's corporate

account.  MSR does not allege that it sent funds to any personal account.  As in Telerep, such a conclusory allegation, without factual support, is insufficient to overcome a motion to dismiss.  Telerep, 266 F. Supp. at 287.

Count Two, for money had and received, includes the allegation that Mr. Otus and Ms. Cunningham represented that the money would be used to purchase used equipment which would later be sold at a profit that would inure to the benefit of MSR.  No such assertion appears in the common factual allegations of MSR's Complaint, and there are no specific representations attributed to Ms. Cunningham.  To the contrary, plaintiff states in paragraph 8 of the Complaint, that "Mr. Otus represented that AuctioNet engaged in the business of buying and selling, privately and at auction, used equipment."  (Emphasis supplied).  MSR further alleges that "[i]n or about September 2003, Mr. Otus held himself out to MSR as owner and "auctioneer" of AuctioNet."  (Emphasis supplied).  Again, there is no allegation that Ms. Cunningham made any specific representation, even though she is a subject of the general allegation set forth in paragraph 58.

Count Four (breach of contract), Count Five (violation of M.G.L. c. 93A), Count Six (unjust enrichment), and Count Seven (breach of implied covenant of good faith and fair dealing) repeat general assertions that defendants made certain statements and/or engaged in certain wrongful conduct. Nowhere in Counts Four through Seven are any allegations regarding Ms. Cunningham's specific conduct or statements.  In paragraph 70, MSR states that "Defendants breached the express and implied terms of the contract through the

conduct alleged herein." However, MSR has not alleged any conduct by Ms. Cunningham. In addition, in paragraph 71, MSR states that it "provid[ed] Defendants $210,000.00." As noted, this statement contradicts the factual allegations in paragraphs 13 through 15, and Exhibit 7 to the Epstein Affidavit.

In Count Five, paragraphs 76, 77 and 78, refer to "Defendants' conduct", "Defendants' actions described herein" and "Defendants' unfair and deceptive conduct". Notwithstanding these references, there is no conduct, and there are no actions involving Ms. Cunningham described anywhere in the Complaint. Without articulating any actual conduct, MSR cannot be permitted to proceed on these claims against Ms. Cunningham. This Court should follow the holding in Rhone, where the Court dismissed a plaintiff's claim for violation of G. L. c. 93A because the plaintiff failed to allege any specific facts to support its allegations that the defendants engaged in unfair and deceptive trade practices. Rhone, 790 F.Supp at 362.

Counts Five and Six suffer the same deficiencies. Although each incorporates prior allegations, there are no actions or statements that could form the basis of a claim. As a result, in paragraph 81 where MSR alleges that by "the wrongful acts described above, Defendants have been unjustly enriched. . . ," there are no acts by Ms. Cunningham described anywhere. Similarly, in paragraph 85, MSR states that "[a]s described above, Defendants breached their covenant of good faith and fair dealing." Dispositively, however, there are no allegations "above" regarding Ms. Cunningham.

B.    <u>The Count for Fraud Must Be Dismissed for Failure to Plead With Particularity</u>.

Count Three for fraud, misrepresentation and deceit against Ms. Cunningham must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 9(b).  Cases such as <u>Morgan</u> and <u>McGinty</u>, 633 F. Supp. 262, require that fraud claims must specify the time, place and content of alleged fraudulent representations to provide the defendant with notice of the grounds forming a plaintiff's complaint.  <u>McGinty</u>, supra.  The absence of such particularities from MSR's Complaint does not allow proper opportunity to defend.  Apparently recognizing that there are no specific allegations against Ms. Cunningham, MSR instead alleges that she made oral and written false statements <u>through</u> <u>her</u> <u>agent</u>, Mr. Otus.  Complaint, paragraph 62.  However, MSR fails to offer factual allegations setting forth any of the elements of an agency relationship.

C.    <u>The Court Lacks Jurisdiction Over Ms. Cunningham</u>.

As a final matter, MSR has not alleged facts which could form the basis for exercising personal jurisdiction over Ms. Cunningham.  Ms. Cunningham has never met, spoken to, corresponded with, or interacted in any fashion with MSR, in either an individual or a corporate capacity, and MSR does not even allege that she has.  The exercise of jurisdiction over Ms. Cunningham is apparently based on the allegation in paragraph 3 that she "held herself out as a Vice President and Chief Financial Officer of AuctioNet."  Even if the allegation is true, Federal Courts have held, in cases such as <u>Escude Cruz</u> and

McNutt, that an exercise of personal jurisdiction over Ms. Cunningham under these circumstances is impermissible, and she must be dismissed.

       D.  <u>More Definite Statement Required</u>.

In the alternative, Ms. Cunningham moves, pursuant to Fed. R. Civ. P. 12(e), that this Court order MSR to file an Amended Complaint setting forth the specific allegations against Ms. Cunnigham, including all alleged actionable statements or conduct.

III.  <u>Conclusion</u>

WHEREFORE, defendant Maureen Cunningham respectfully requests that all Counts of plaintiff's Complaint against her be dismissed.  In the alternative, Ms. Cunningham requests that this Court order plaintiff to file an amended complaint setting forth with particularity the alleged actionable conduct.

                         Respectfully submitted,

                         NURI OTUS and MAUREEN CUNNINGHAM,
                         By their attorneys,


                         /s/ Michael C. Fee
                         FEE, ROSSE & LANZ, P.C.
                         Michael C. Fee (BBO #552796)
                         Sabrina K. Lanz (BBO #567392)
                         321 Boston Post Rd.
                         Sudbury, MA 01776
                         T:  (978) 440-7000
                         F:  (978) 440-7650
                         www.feelaw.com

Dated:  January 11th, 2005

CERTIFICATE OF SERVICE

I, Michael C. Fee, hereby certify that a true copy of the foregoing document was served upon all counsel of record, by first class mail directed to Timothy J. Perry, Esq., Perry, Krumsiek & Wayland, P.A., Suite 200, 114 State Street, Boston, MA 02109 this 11th day of January, 2005

/s/ Michael C. Fee
Michael C. Fee

Mtd.doc