UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
(EASTERN DIVISION)

Case # 1:04-CV-12300-EFH

| | |
|---|---|
| MICRO SIGNAL RESEARCH, INC., | ) |
| Plaintiff, | ) |
| v. | ) |
| NURI OTUS and MAUREEN CUNNINGHAM, | ) |
| Defendants, | ) |

### DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR CONTEMPT

Defendants Nuri Otus ("Mr. Otus") and Maureen Cunningham ("Ms. Cunningham")(collectively, "defendants") oppose plaintiff Micro Signal Research, Inc.'s ("MSR") Motion for Contempt of Preliminary Injunction Order or, Alternatively, for an Accounting (the "Motion"). This Court's Order of November 4, 2004 (the "Order") requires that "defendants pay to the Court all funds, up to Two Hundred Ten Thousand ($210,000.00) Dollars, that defendants are presently earning from their new business entity, Asset Management Associates (amalimited.com)." Since the date of the Order, defendants have paid to the Court all such funds, in the total amount of $46,651.03, and have provided to MSR's counsel an accounting thereof. Therefore, the Motion should be denied.

## I. Legal Standard

A complainant must prove civil contempt "[b]y clear and convincing evidence." Project B.A.S.I.C. v. Kemp, 947 F.2d 11, 16 (1st Cir. 1991); Rolland v. Romney, 273 F.Supp.2nd 140, 142 (D. Mass 2003). To find a party in contempt, "the court's order must have been clear and unambiguous," Project B.A.S.I.C., 947 F.2nd at 16; Rolland, 273 F.2nd at 142, and "[a]ny ambiguities or uncertainties in such a court order must be read in the light most favorable to the party charged with contempt." Project B.A.S.I.C., 947 F.2nd at 16; NBA Properties v. Gold, 895 F.2nd 30, 32 (1st Cir. 1990). Court orders must be specific and the requirements "are not 'mere[ly] technical' but are 'designed to prevent uncertainty and confusion. . . and to avoid' basing a 'contempt citation on a decree too vague to be understood.'" NBA Properties, 895 F.2nd at 32, quoting Schmidt v. Lessard, 414 U.S. 473, 476 (1974).

## II. Argument

### A. Defendants Have Paid into Court All Funds Earned

The Order requires that defendants pay into Court funds earned by them from their new business entity, Asset Management Associates ("AMA"). The Order further states that "[t]hese payments shall include, without limitation, all funds received from the October 28, 2004 auction." However, the second part of the Order can only be read in the context of that which precedes it: specific language ordering payment

<u>only</u> <u>of</u> <u>defendants'</u> <u>earnings</u>. Construed in its entirety, the Order requires that defendants escrow all funds earned by them from AMA, including from the specified auction held on October 28, 2004 (the "Auction"). Defendants have made all such payments, and shall continue to do so.

Specifically, defendants have made three payments into Court totaling in excess of $47,000.00. The payments represent both Mr. Otus's and Ms. Cunningham's commissions earned through the Auction, as well as additional funds earned by them through additional sales activities of AMA from the date of the Order to the present. True copies of all correspondence and accountings associated with these payments into Court are attached as Exhibit 1.

### B. Defendants' Interpretation of the Order is Reasonable

MSR urges a narrow and ludicrous interpretation of one portion of the Order's requirements, and completely disregards the rest. It then argues that defendants are in contempt because the Order requires them to pay <u>all</u> <u>funds</u> <u>generated</u> <u>by</u> <u>the</u> <u>Auction</u>, not just what they earned. MSR ignores the fact that funds generated by the Auction belong to the owners of the equipment that was sold, and not defendants or AMA.

In Defendants' Motion to Stay Litigation and Injunction Order Pending Appeal, the undersigned asserted that the "injunction <u>could</u> be construed to allow plaintiff to attach funds which belong neither to

3

defendants, nor to any named party in the litigation" (emphasis supplied). Plaintiff now suggests erroneously that the argument belies some acceptance of MSR's strained interpretation of the Order. Again, plaintiff narrowly focuses on one sentence in a larger paragraph, which, as MSR now fails to acknowledge, was clearly designed to illustrate the Order's ambiguity. Defendant's argument in the Motion to Stay did not constitute acquiescence to MSR's interpretation of Order, and the Motion's unsubstantiated assertion to the contrary is spurious.

Defendants' interpretation, on the other hand, gives credence to and reconciles all of the Order's requirements. Nonetheless, and regardless of the validity of either parties' interpretation, the fact that it is susceptible to more than one interpretation suggests that it may be ambiguous. Rolland, 273 F.2nd at 143 ("the parties' competing interpretations reveal the somewhat ambiguous nature of the language utilized by the court"). If there is any ambiguity, defendants cannot be held in contempt, especially when they have made good faith efforts to comply. Rolland, supra. (ambiguity, however slight, coupled with the significant efforts undertaken by defendants, makes it difficult, if not impossible for the court to hold them in contempt.")

C.   Plaintiff's Interpretation is Impossible.

AMA is an auctioneer that sells goods owned by third parties, retains a percentage of the sale proceeds as a commission, and pays its

4

employees therefrom. Defendants have paid into Court all commissions they have earned from the Auction, and all additional sums earned by them since through the activities of AMA, since the date of the Order. Defendants' retention, even for the purpose of paying to the Court, any additional funds generated by the Auction in excess of their own commissioned earnings, would constitute actionable breach of contract, conversion, or even criminal larceny. Defendants simply lack authority to exercise personal control over Auction funds, and such a bizarre interpretation of the Order would force them to convert money belonging to AMA's clients. Noncompliance may be excused where compliance is impossible. Ricci v. Okin, 537 F. Supp. 817 824 (D. Mass., 1982). In Rice, the Court held that "a Court may not order a defendant to 'do an impossibility, and then punish him for refusal to perform it.'" Ricci, 537 F. Supp. at 824, quoting Maggio v. Zeitz, 333 U.S. 56, 59 (1948).

    D.    Defendants Have Provided an Accounting to MSR

MSR requests an accounting. Defendants had already provided a detailed analysis to MSR's counsel, prior to defendants' receipt of the Motion. Additional information has been provided to MSR's counsel in the interim, copies of all of which are attached hereto.

### III. Conclusion

Defendants have paid to the Court all funds earned by them from not only the Auction, but also from additional buying and selling

5

activities undertaken by AMA. They have provided MSR an accounting thereof. Therefore, defendants Nuri Otus and Maureen Cunningham respectfully request that this Court deny the Motion.

Respectfully submitted,

NURI OTUS and MAUREEN CUNNINGHAM,
By their attorneys,


/s/ Michael C. Fee
FEE, ROSSE & LANZ, P.C.
Michael C. Fee (BBO #552796)
Sabrina K. Lanz (BBO #567392)
321 Boston Post Rd.
Sudbury, MA 01776
T:  (978) 440-7000
F:  (978) 440-7650
www.feelaw.com

Dated:  January 19th, 2005

## CERTIFICATE OF SERVICE

I, Michael C. Fee, hereby certify that a true copy of the foregoing document was served upon all counsel of record, by first class mail directed to Timothy J. Perry, Esq., Perry, Krumsiek & Wayland, P.A., Suite 200, 114 State Street, Boston, MA 02109 this 19th day of January, 2005.

/s/ Michael C. Fee
Michael C. Fee

oppcontempt

6