UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
(EASTERN DIVISION)

Case # 1:04-CV-12300-EFH

|  |  |
|---|---|
| MICRO SIGNAL RESEARCH, INC., | ) |
| Plaintiff, | ) |
| v. | ) |
| NURI OTUS and MAUREEN CUNNINGHAM, | ) |
| Defendants. | ) |

ANSWER AND COUNTERCLAIM OF DEFENDANT MAUREEN CUNNINGHAM

Defendant Maureen Cunningham ("Ms. Cunningham") hereby answers the Complaint ("Complaint") of Micro Signal Research, Inc. ("MSR") as follows:

## I. Introduction

Ms. Cunningham states that the introduction of MSR's Complaint contains conclusions of law to which no response is required. To the extent a response is necessary, Ms. Cunningham denies all allegations contained in the Complaint's Introduction.

## II. Parties

1. On information and belief, Ms. Cunningham admits the allegations contained in paragraph 1.

2. Ms. Cunningham admits the allegations contained in the first sentence of paragraph 2. On information and belief, Ms. Cunningham admits

that at all times relevant hereto Mr. Otus was the President and CEO of AuctioNet, Inc., a division of Realm Connect Corporation, a California corporation (the "Company"), and that the Company had offices located at 1204 Middlefield Road, Redwood City, CA.

3. Ms. Cunningham admits the allegations contained in the first two sentences of paragraph 3. Ms. Cunningham denies the allegations contained in the third sentence of paragraph 3.

4. On information and belief, Ms. Cunningham admits the allegations contained in paragraph 4.

### III. Jurisdiction and Venue

5. Ms. Cunningham states that paragraph 5 contains conclusions of law to which no response is required. To the extent a response is necessary, Ms. Cunningham denies the allegations contained in paragraph 5.

### IV. Allegations Common to All Counts

6. Ms. Cunningham lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 6.

7. Ms. Cunningham admits that AuctioNet, Inc. conducted business in Redwood City and Burlingame, CA.

8. Ms. Cunningham lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 9.

9. Ms. Cunningham lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 9.

10. Ms. Cunningham lacks information sufficient to form a belief as to

the truth of the allegations contained in paragraph 10.

   11.   Ms. Cunningham lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 11.

   12.   Ms. Cunningham lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 12.

   13.   Ms. Cunningham lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 13.

   14.   Ms. Cunningham lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 14.

   15.   Ms. Cunningham lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 15.

   16.   Ms. Cunningham lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 16.

   17.   Ms. Cunningham lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 17.

   18.   Ms. Cunningham lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 18.

   19.   Ms. Cunningham lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 19.

   20.   Ms. Cunningham lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 20.

   21.   Ms. Cunningham lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 21.

22. Ms. Cunningham lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 22.

23. Ms. Cunningham lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 23.

24. Ms. Cunningham lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 24.

25. Ms. Cunningham lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 25.

26. Ms. Cunningham lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 26.

27. Ms. Cunningham lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 27.

28. Ms. Cunningham admits that on or about April 6, 2004, Mr. Epstein wrote to Mr. Otus, Ms. Cunningham and Mr. Quiroga. Answering further, Ms. Cunningham states that the terms of Mr. Epstein's communication speak for themselves.

29. Ms. Cunningham lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 29.

30. Ms. Cunningham lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 30.

31. Ms. Cunningham lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 31.

32. Ms. Cunningham lacks information sufficient to form a belief as to

the truth of the allegations contained in paragraph 32.

33. Ms. Cunningham lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 33.

34. Ms. Cunningham lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 34.

35. Ms. Cunningham lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 35.

36. Ms. Cunningham states that the terms of documents accompanying Mr. Greenseid's July 19, 2004 letter speak for themselves.

37. Ms. Cunningham lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 37.

38. Ms. Cunningham lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 38.

39. Ms. Cunningham denies that Mr. Greenseid's alleged assurances pertain to any personal obligation of Ms. Cunningham.  Ms. Cunningham admits that by letter dated August 23, 2004, Mr. Greenseid communicated to Mr. Epstein's counsel.  Answering further, Ms. Cunningham states that the terms of Mr. Greenseid's letter speak for themselves.

40. Ms. Cunningham lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 40.

41. Ms. Cunningham admits that by letter dated September 10, 2004, Mr. Greenseid communicated with MSR's counsel.  Ms. Cunningham states that the terms of Mr. Greenseid's letter speak for themselves.

42. Ms. Cunningham lacks information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 42. Ms. Cunningham admits that by letter dated September 10, 2004, Attorney Greenseid communicated with MSR's attorney. Ms. Cunningham states that the terms of Mr. Greenseid's letter speak for themselves.

43. Ms. Cunningham lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 43.

44. Ms. Cunningham admits that by facsimile dated October 1, 2004, Mr. Greenseid communicated with MSR's counsel. Ms. Cunningham states that the terms of Mr. Greenseid's facsimile speak for themselves.

45. Ms. Cunningham lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 45.

46. Ms. Cunningham lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 46.

47. Denied.

## COUNT I
### (CONVERSION V. MR. OTUS AND MS. CUNNINGHAM)

48. Ms. Cunningham repeats and realleges her previous answers as if fully set forth herein.

49. Ms. Cunningham lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 49.

50. Ms. Cunningham lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 50.

51. Ms. Cunningham lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 51.

52. Ms. Cunningham lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 52.

53. Denied.

54. Ms. Cunningham lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 54.

55. Denied.

## COUNT II
### (MONEY HAD AND RECEIVED V. MR. OTUS AND MS. CUNNINGHAM)

56. Ms. Cunningham repeats and realleges her prior answers as if fully set forth herein.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

## COUNT II
### (FRAUD, MISREPRESENTATION AND DECEIPT V. MR. OTUS AND MS. CUNNINGHAM)

61. Ms. Cunningham repeats and realleges her prior answers as if fully set forth herein.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

## COUNT IV
## (BREACH OF CONTRACT V. ALL DEFENDANTS)

68. Ms. Cunningham repeats and realleges her prior answers as if fully set forth herein.

69. Ms. Cunningham states that the allegations contained in paragraph 69 are conclusions of law to which no response is required. To the extent a response is necessary, Ms. Cunningham denies them.

70. Denied.

71. Ms. Cunningham denies that MSR provided $210,000.00 to the defendants. Answering further, Ms. Cunningham states that at all times relevant hereto, all funds in the transactions were provided by MSR to the Company.

72. Denied.

73. Denied.

## COUNT V
## (VIOLATION OF MASS. GENERAL LAWS CHAPTER 93A V. ALL DEFENDANTS)

74. Ms. Cunningham repeats and realleges her prior answers as if fully set forth herein.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

## COUNT VI
### (UNJUST ENRICHMENT V. ALL DEFENDANTS)

80. Ms. Cunningham repeats and realleges her prior answers as if fully set forth herein.

81. Denied.

82. Denied.

## COUNT VII
### (BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING V. ALL DEFENDANTS)

83. Ms. Cunningham repeats and realleges her prior answers as if fully set forth herein.

84. Denied.

85. Denied.

86. Denied.

## COUNT VIII
### (TEMPORARY RESTRAINING ORDER, PRELIMINARY AND PERMANENT INJUNCTION V. ALL DEFENDANTS)

87. Ms. Cunningham repeats and realleges her prior answers as if fully set forth herein.

88. Denied.

89. Denied.

90. Denied.

## COUNT IX
### (REQUEST FOR TRUSTEE PROCESS AND REAL ESTATE ATTACHMENT V. ALL DEFENDANTS)

91. Ms. Cunningham repeats and realleges her prior answers as if fully

set forth herein.

92. Denied.

93. Denied.

94. Denied.

## Affirmative Defenses

1. Ms. Cunningham states that each Count of the Complaint fails to state a cause of action for which relief can be granted.

2. Ms. Cunningham says that the Court lacks personal jurisdiction over the defendants.

3. Ms. Cunningham says that plaintiff is estopped by its own conduct and can recover nothing from the defendants.

4. Ms. Cunningham says that plaintiff has waived any rights it may have had against defendants.

5. Ms. Cunningham says that recovery on the Complaint is barred by plaintiff's laches.

6. Ms. Cunningham says that if plaintiff suffered damages as alleged, such damage resulted from a commercial risk which plaintiff knowingly, willingly and voluntarily assumed, and plaintiff can recover nothing from the defendants therefor.

7. Ms. Cunningham says that if plaintiff suffered damage as alleged such damage resulted from plaintiff's own mismanagement, negligence, lack of business acumen, or failure to conduct an independent investigation and analysis, and plaintiff can recover nothing from defendants therefor.

8. Ms. Cunningham says that if she ever made any representations to plaintiff, such representations were true and plaintiff can recover nothing from defendants therefor.

9. Ms. Cunningham says that if she ever made any representations to plaintiff, such representations did not relate to matters susceptible to actual knowledge and plaintiff can recover nothing from defendants therefor.

10. Ms. Cunningham says that if she ever made any representations to plaintiff, she reasonably believed such representations to be true at the time made and plaintiff can recover nothing from defendants therefor.

11. Ms. Cunningham says that if plaintiff suffered damage as alleged, such damage was in no way caused by defendants, or by any person acting with, through or under defendants, or by any person or entity for whose or which conduct defendants are legally responsible, and plaintiff can recover nothing from defendants therefor.

12. Ms. Cunningham hereby reserves the right to assert additional affirmative defenses as may be determined through discovery in the further course of this action.

### Jury Demand

Ms. Cunningham demands a trial by jury on all counts of the Complaint so triable.

### COUNTERCLAIM

#### I.   Parties

1. Plaintiff-in-Counterclaim, Maureen Cunningham ("Ms. Cunningham"),

is an individual residing at 1872 Black Mountain Road, Hillsborough, California.

    2.    Defendant-in-Counterclaim, Micro Signal Research, Inc. ("MSR"), is, on information and belief, a corporation registered to do business in the Commonwealth of Massachusetts with a principal place of business at 50 Oakdale Avenue, Weston, Massachusetts.

## II.   Facts

    3.    On or about October 28, 2004, MSR filed a Complaint in the United States District Court for the District of Massachusetts, naming Ms. Cunningham as a defendant.

    4.    In its Complaint, MSR does not allege that Ms. Cunningham took any specific actions, or made any specific statements that could give rise to personal liability.

    5.    In its Complaint, MSR alleges that it provided funds to an account in the names of Nuri Otus ("Mr. Otus") and Ms. Cunningham.  However, the wiring instructions provided to MSR by Mr. Otus, attached to the Complaint as Exhibit 7, show that Mr. Otus directed MSR to wire the funds to a corporate account held by AuctioNet.com, Inc..

    6.    Ms. Cunningham's name does not appear anywhere on the wiring instructions account information, or in any correspondence to or from MSR or Mr. Epstein regarding the transfer of funds.

    7.    MSR knew or should have known that the allegations contained in the Complaint regarding Ms. Cunningham were false.

8. In its Complaint, MSR alleges that Ms. Cunningham "held herself out as vice president and chief financial officer of AuctioNet." The allegations are patently false, and MSR knew or should have known that they were false.

9. Although there are no allegations of specific wrongful conduct by Ms. Cunningham, MSR alleges in each individual count of its Complaint that it is entitled to relief from Ms. Cunningham.

10. There is no basis for *in personam* jurisdiction against Ms. Cunningham, and in its Complaint, MSR does not allege any facts which could give rise to *in personam* jurisdiction against Ms. Cunningham.

11. MSR used legal process to name Ms. Cunningham as a defendant and subject to the jurisdiction of the United States District Court for the District of Massachusetts.

12. MSR used the process to accomplish an ulterior purpose for which the process was not designed or intended, and that was not a legitimate purpose for the particular process employed.

13. MSR named Ms. Cunningham as a defendant for the ulterior purpose of obtaining prejudgment security against her which would not have been available against Mr. Otus.

14. At the time it commenced litigation, MSR knew or had reason to know that its claims against Ms. Cunningham were groundless, and lacked any substantial basis.

15. MSR's actions and conduct were malicious, and were intended solely

to injure and harass Ms. Cunningham.

16. MSR's actions and conduct were devoid of any reasonable factual support, or any arguable basis in law.

## COUNT 1 - ABUSE OF PROCESS

17. Ms. Cunningham repeats and realleges the preceding allegations as if fully set forth herein.

18. MSR, in instituting this action against Maureen Cunningham, utilized process.

19. MSR's utilization of process was for an ulterior or illegitmate purpose.

20. MSR's action and conduct resulted in damage to Ms. Cunningham.

WHEREFORE, Ms. Cunningham requests that this Honorable Court:

1. Enter judgment in her favor on each count of MSR's Complaint;

2. Enter judgment in her favor on Count 1 of the Counterclaim;

3. Award all damages to which Ms. Cunningham is entitled, including interest, costs and attorney's fees;

4. Grant Ms. Cunningham relief, against MSR and its attorneys, pursuant to G.L. c. 231, § 6F;

5. Grant Ms. Cunningham relief, against MSR and its attorneys pursuant to Fed. R. Civ. P. Rule 11; and

6. Award such other and further relief as is just and equitable.

<u>JURY DEMAND</u>

Ms. Cunningham demands a trial by jury on all counts of the Counterclaim so triable.

>Respectfully submitted,
>
>NURI OTUS and MAUREEN CUNNINGHAM,
>By their attorneys,
>
>/s/ Michael C. Fee
>FEE, ROSSE & LANZ, P.C.
>Michael C. Fee (BBO #552796)
>Sabrina K. Lanz (BBO #567392)
>321 Boston Post Rd.
>Sudbury, MA 01776
>T:  (978) 440-7000
>F:  (978) 440-7650
>www.feelaw.com

Dated:  March 30, 2005

CERTIFICATE OF SERVICE

I, Michael C. Fee, hereby certify that a true copy of the foregoing document was served upon all counsel of record, by first class mail directed to Timothy J. Perry, Esq., Perry, Krumsiek & Wayland, P.A., Suite 200, 114 State Street, Boston, MA 02109 this 30th day of March, 2005

>/s/ Michael C. Fee
>Michael C. Fee

*mc answer and cc.doc*