UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICRO SIGNAL RESEARCH, INC. ) | |
| Plaintiff, ) | |
| v. ) | CIVIL ACTION NO. |
| ) | 04-12300-EFH |
| NURI OTUS and MAUREEN CUNNINGHAM, ) | |
| Defendants, ) | |
| CUPERTINO NATIONAL BANK & TRUST, ) | |
| Trustee Process Defendant. ) | |

**PLAINTIFF'S MOTION TO DISMISS
COUNTERCLAIM OF MAUREEN CUNNINGHAM**

Pursuant to Fed. R. Civ. P. 12 (b) (6) and Fed. R. Civ. P. 11, Plaintiff Micro Signal Research, Inc. ("Plaintiff") hereby moves to dismiss the Counterclaim of Defendant Maureen Cunningham ("Ms. Cunningham") and to strike the request for Rule 11 sanctions made in the Answer and Counterclaim. As reasons therefore, Plaintiff states as follows:

1. Simply put, Ms. Cunningham has no Abuse of Process claim because she has admitted – *before this Court* – that she owes the debt on which Plaintiff has sued. At the hearing before this Court on preliminary injunction, Ms. Cunningham's counsel stated:

> "Your Honor, **they** [Mr. Otus and Ms. Cunningham] acknowledge the existence of the debt, and **they** have made attempts to try and work out arrangements. . ."

See Preliminary Injunction Hearing Transcript, p. 8 attached to the accompanying memorandum of law as Exhibit 1.

2. In addition, as a matter of law, Ms. Cunningham fails to state a claim for abuse of process. In Massachusetts, the elements of an abuse of process claim are "(1) that process is used (2) for an ulterior or illegitimate purpose, (3) resulting in damage to the plaintiff." Refuse & Envt'l Sys., Inc. v. Indus. Servs. of Am., Inc., 932 F.2d 37, 41 (1st Cir.1991). "Abuse of process presupposes the use of legal action for an ulterior purpose, i.e., to achieve some end other than the apparent end of the litigation process which has been launched." Silvia v. Building Inspector of West Bridgewater, 35 Mass. App. Ct. 451, 453 (1993) (footnote omitted).

3. "The essence of this tort is the malicious use of legal process 'to accomplish some ulterior purpose for which it was not designed or intended, or which was not the legitimate purpose of the particular process employed.'" Carroll v. Gillespie, 14 Mass. App. Ct. 12, 26 (1982) (internal citations omitted). Mere knowledge that a claim is groundless is not sufficient in and of itself to establish an abuse of process. There must also be proof of an ulterior motive. Ladd v. Polidoro, 424 Mass. 196, 200 (1997). The "ulterior or illegitimate purpose" alleged cannot simply be the defendant's use of the judicial process to pursue and fully litigate contractual questions forming the basis of the parties' dispute. Gibbs v. Golden Eagle Credit Corp., 2004 WL 2302570 (D. Mass. 2004) (Woodlock, J.).

4. Ms. Cunningham's only allegation in the Counterclaim to support the "ulterior purpose" element of her claim is contained in Paragraph 13 and states:

2

"MSR named Ms. Cunningham as a defendant for the ulterior purpose of obtaining prejudgment security against her which would not have been available against Mr. Otus." As such, Ms. Cunningham admits that MSR merely sought to achieve an end (i.e. a property attachment) that is available to it as an end in the litigation process.

5. As set forth above, even if the claim against Ms. Cunningham is ultimately proven groundless, Ms. Cunningham does not have an abuse of process claim. Nonetheless, the Court should note that not only has this Court found that the claim has merit (and, therefore, the use of process in this matter is legitimate), but also this Court has found (by virtue of its issuance of a preliminary injunction against Ms. Cunningham) that there is *a likelihood of success on the merits* of MSR's claims against Ms. Cunningham. As set forth above, this finding was made after Ms. Cunningham's counsel *admitted* she owed the debt.

6. Moreover, Ms. Cunningham has already raised the issues set forth in her Counterclaim in a Motion to Dismiss –claiming that only her husband and not she should be a defendant in this suit. Those arguments also proved fruitless and were denied by this Court.

7. In this light, Ms. Cunningham's gratuitous request for attorney's fees and costs under Rule 11 and G.L. c. 231 § 6F are particularly heinous and appear aimed at leveraging some type of acquiescence from MSR. Rule 11 was not adopted to be threateningly added to pleadings and these portions of the Answer and Counterclaim should be stricken. Rule 11 provides, among other things, that a party or attorney may be sanctioned if the claims presented are not "warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the

3

establishment of new law" or if the facts alleged lack evidentiary support.  Sanctions will not be imposed pursuant to Rule 11 if the plaintiff's actions, in pursuing its claims, were objectively reasonable under the circumstances.  Smith v. Robertshaw Controls Co. 2004 WL 1260097 (D. Mass. 2004) (O'Toole, J.); citing Kale v. Combined Ins. Co. of Am., 861 F.2d 746, 758 (1st Cir.1988).

7.    Mass. Gen. L. ch. 231, § 6F permits an award of costs and fees if "all or substantially all of the claims ... were wholly insubstantial, frivolous and not advanced in good faith."  As used in § 6F "[g]ood faith implies an absence of malice, an absence of design to defraud or to seek an unconscionable advantage."  Robertshaw, 2004 WL 1260097; citing Hahn v. Planning Bd. of Stoughton, 403 Mass. 332, 529 N.E.2d 1334, 1338 (Mass. 1988).

8.    The common goal of Rule 11 and § 6F is to deter frivolous litigation. That goal, however, must not be achieved at the expense of chilling zealous advocacy. Robertshaw, 2004 WL 1260097; citing Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 393 (1990).  Ms. Cunningham's aggressive use of Rule 11 and § 6F appear aimed at just that – chilling MSR's resolve to pursue the money stolen from it.  In any event, as long as MSR's actions were objectively reasonable in bringing suit versus Ms. Cunningham, its claims are not frivolous even if they are not ultimately deemed meritorious.  Robertshaw, 2004 WL 1260097.

9.    On April 13, 2005, counsel for Plaintiff conferred with Defendant's counsel to see if the issues in this motion could be narrowed.  After consultation, the parties were unable to narrow the issues.

4

WHEREFORE, Plaintiff requests that this Honorable Court Dismiss Ms. Cunningham's Counterclaim in its entirety and strike the requests for Rule 11 and § 6F sanctions.

Respectfully submitted,

**MICRO SIGNAL RESEARCH, INC.,**

By its attorney,

_____
Timothy J. Perry (BBO #631397)
PRETI FLAHERTY LLP
114 State Street
Boston, MA 02109
(617) 742-9012
fax (617) 742-9013

## LOCAL RULE 7.1(A)(2) CERTIFICATE

Pursuant to Local Rule 7.1(A)(2), the undersigned counsel certifies that he conferred with defendants' counsel in a good faith attempt to resolve the issue presented in this motion by telephone conference with Defendant's counsel on April 13, 2005. The parties were unable to resolve or narrow the issues set forth herein.

Dated: April 13, 2005                         _____
                                               Timothy J. Perry

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon all counsel of record by placing same addressed to said counsel in First Class U.S. Mail, pre-paid.

Dated: April 13, 2005                         _____
                                               Timothy J. Perry