UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
(EASTERN DIVISION)

Case # 1:04-CV-12300-EFH

| | |
|---|---|
| MICRO SIGNAL RESEARCH, INC., | ) )  ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| NURI OTUS and MAUREEN CUNNINGHAM, | ) ) ) |
| Defendants, | ) ) |

DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS

Defendant Maureen Cunningham ("Ms. Cunningham") opposes Plaintiff's Motion to Dismiss Counterclaim (the "Motion"). Ms. Cunningham has alleged sufficient facts to support her claim for abuse of process, and thus the Motion should be denied.

I.    Legal Standards

In ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must accept as true all well-pleaded allegations in the non-movant's complaint, and must draw all reasonable inferences in favor of the non-movant. See, e.g., Cooperman v. Individual, Inc., 171 F.3d 43, 46 (1st Cir. 1999). Dismissal "is only appropriate if the complaint, so viewed, presents no set of facts justifying recovery." Id. A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) must be denied ". . .

unless it appears to a certainty that the plaintiff would be unable to recover under any set of facts." Roma Construction Co. v. Russo, 96 F.3d 566, 569 (1st Cir. 1996). It is incumbent upon the Court to ". . . accept the complaint's allegations as true, including all reasonable inferences in favor of the non-moving party." Kiely v. Raytheon Co., 105 F.3d 734, 735 (1st Cir. 1997).

II.    Argument

A.    Ms. Cunningham Alleged All Requisite Elements of a Claim for Abuse of Process

Abuse of process requires that a claimant allege that (i) process was used; (2) for an ulterior or illegitimate purpose; (3) resulting in damage. Adams v. Whitman, 62 Mass. App. Ct. 850, 853 (2005). Ms. Cunningham alleges each requisite element in her Counterclaim.

First, Ms. Cunningham alleges that MSR utilized process to initiate the litigation and obtain a real estate attachment, trustee process and injunctive relief against her. Counterclaim, ¶¶ 3, 11, 12 and 18. It is undisputed that MSR named her as a defendant, served her with a summons and complaint, and sought and obtained prejudgment security against her individually.

Second, Ms. Cunningham alleges that MSR acted with ulterior motive or illegitimate purpose. Specifically, Ms. Cunningham alleges that MSR named her ". . . as a defendant for the ulterior purpose of obtaining prejudgment security against her which would not have been available

against Mr. Otus." Counterclaim, ¶¶ 12, 13. Ms. Cunningham further alleges that MSR's actions were groundless, intended to injure and harass, and devoid of any reasonable factual support, or any arguable basis in law. Counterclaim, ¶¶ 14 - 16, 19.

Third, Ms. Cunningham alleges that MSR's conduct resulted in damage. Counterclaim, ¶. 20  Although Ms. Cunningham's damages cannot yet be quantified, it is reasonable to infer, as the Court must, that significant costs and expenses have been incurred by Ms. Cunningham in defense of a groundless action. Most recently, Ms. Cunningham was required to defend in the United States District Court for the District of Northern California against MSR's Motion to Have Writ of Attachment Issued Pursuant to The Order of the United States District Court for the District of Massachusetts ("Motion for Writ"). [1]

B.   Ms. Cunningham Alleged Sufficient Ulterior Motive for Abuse of Process

In its Motion, MSR argues that it did not utilize the process to "achieve some end other than the apparent end of the litigation process which has been launched," Silvia v. Building Inspector of West Bridgewater, 35 Mass. App. Ct. 451, 453 (1993), and that it has merely

---

[1] By Order dated April 29, 2005, the United State District Court for the Northern District of California (Walker, J.) denied MSR's motion to enforce the Writ of Attachment, and directed the clerk to dismiss the case. See Order, attached hereto as Exhibit A.

sued Ms. Cunningham to collect a debt, a protected petitioning activity. Motion, p. 4.

MSR ignores, however, those Massachusetts decisions where courts have held that "an illegitimate purpose can often be achieved without any further act beyond the obtaining of the process." Adams, 62 Mass. App. Ct. at 855. It is not the mere use of process that Ms. Cunningham alleges as the basis for her abuse of process claim, but rather MSR's baseless use of petitioning activity against her to coerce payment of a debt that MSR knows she did not incur. Ms. Cunningham's claim falls within the number of cases where courts held that "[w]ithout turning on any additional act of misuse, . . . initiating process alone can at times be so coercive and promoting of ulterior advantage that it supports an abuse of process claim." Id. at 855, citing Reardon.[2]

Even if this Court is persuaded by MSR's claim that suing Ms. Cunningham to collect a debt is a protected activity, this Court still should not dismiss Ms. Cunningham's counterclaim. In Adams, the court held that even where a complainant's abuse of process claim is based solely on a defendant's petitioning activity, a complainant may

---

[2] See also, American Velodur Metal, Inc. v. Schinabeck, 20 Mass. App. Ct. 460, 462 (1985) (husband's corporation sued wife in order to exert pressure on her to settle divorce proceedings); Jacoby v. Spector, 292 Mass. 366 (1935) (allowing abuse of process claim where furniture company attached wages to exert coercion on consumer to pay for furniture); and Carroll v. Gillespie, 14 Mass. App. Ct. 460, 462-(1985) (sustaining abuse of process claim where car repair shop owner swore out criminal complaint against customer for purpose of pressuring customer to pay repair bill).

nonetheless prevail if it demonstrates that "(1) the moving party's exercise of its right to petition was devoid of any reasonable factual support or any arguable basis in law and (2) the moving party's acts caused actual injury to the responding party." Id. at 857. Ms. Cunningham has alleged not only that MSR utilized process for ulterior or illegitimate process, but also that in filing the complaint against her, MSR's actions and conduct were devoid of any reasonable support. Counterclaim, ¶ 16.

In addition, this Court may be guided by Reardon v. Sadd, 262 Mass. 345 (1928) where a Massachusetts court recognized an abuse of process claim for an attachment that was intended to coerce a factory owner to settle claim against her on a debt that the claimant knew was incurred by her husband. In Reardon, a shoemaker entered into a contract with the defendant, and, in order to try to enforce the contract, the defendant attached personal property owned by the shoemaker's wife. The Court held that the attachment was "intentionally and willfully done to enforce a claim which the plaintiff knew was groundless and was an abuse of legal process." Id.

Reardon is cited with favor by the court in Quaranto v. Silverman, 345 Mass. 423, (1963), where the court stated that "[i]t has been held that the intentional 'attachment . . . of . . . property. . . to enforce a claim which [it could be found] the [defendant] knew was

5

groundless. . . was an abuse of legal process.'" Id., quoting Reardon, 262 Mass. at 348. Although ultimately decided on other grounds, the Quaranto court held that if the husband been able to prove the damages element of his abuse of process claim, "[i]t could have been found that the [attaching party] should reasonably have known that the husband was not a party to the [contract], and the jury could have found that the husband was not otherwise liable for the debt incurred by his wife." Id. at 427.

    C.    <u>MSR Miscontrues the Holding in Ladd</u>

In the Motion, MSR relies on <u>Ladd v. Polidoro</u>, 424 Mass. 196 (1997) where the court dismissed an abuse of process claim, holding that there was insufficient evidence of ulterior motive. The decision in Ladd, however, fails to support MSR's position. While the Court in Ladd rejected a plaintiff's reliance on Reardon, and held that "the fact that an attachment was made in connection with a groundless claim does not alone constitute an abuse of process," 424 Mass. at 199, the court also opined that "[a] different case would be presented if the claim had already been satisfied, if the attachment had been excessive, <u>or if the attachment had been placed on the property of someone who never had had any dealings with the attaching claimant in order to pressure that person to satisfy a debt</u>" (emphasis supplied). Thus, Ladd's facts are materially different, and the Court expressly acknowledged that had the

6

circumstances been more akin to those faced by Ms. Cunningham, it would have reached a different conclusion.

MSR claims that its request for prejudgment security against Ms. Cunningham cannot be for an ulterior purpose because it is an "end" available in the litigation process. However, the <u>Reardon</u> and <u>Ladd</u> decisions establish that obtaining prejudgment security to coerce a settlement from one who is not liable for such debt can, itself, constitute an ulterior motive. In the Counterclaim Ms. Cunningham alleges that MSR knew or should have known that the allegations against her in MSR's Complaint were false. Counterclaim, ¶¶ 6, 7, 8, 10, 14, and 15. If these allegations, and all reasonable inferences therefrom, as true, the Court must conclude that Ms. Cunningham has set out a <u>prima facie</u> case for abuse of process against MSR.

In defense of its actions, MSR maintains that Ms. Cunningham has repeatedly acknowledged the existence of the debt. Any suggestion, or allegation that she has done so, however, is irrelevant at this juncture. While dispositve motions by either party may at some point be appropriate, at this stage the Court is bound by standards applicable to motions to dismiss. Thus, the Court must consider only at the sufficiency of Ms. Cunningham's pleading and determine whether she has alleged the requisite elements of a claim for abuse of process. It is clear that she has done so.

7

D.  <u>MSR Failed to Comply With Local Rule 7.1(A)(2)</u>

Counsel for MSR left a voicemail for Ms. Cunningham's counsel on the afternoon of April 12th stating that he intended to file a motion to dismiss the counterclaim and asking her to contact him to discuss or narrow the issue in accordance with Local Rule 7.1(A)(2).  Affidavit of Sabrina K. Lanz ("Lanz. Aff."), ¶ 2, which has been filed herewith.  Counsel for Ms. Cunningham returned the call mid-day on April 13th.  Lanz Aff., ¶ 3.  In accordance with Local Rule 7.1(A)(2), counsel for Ms. Cunningham offered to file an amended counterclaim, supplementing the allegations that support Ms. Cunningham's claim for abuse of process.  Lanz Aff., ¶ 4.  Counsel for MSR stated that he did not believe the filing of any amended counterclaim would be sufficient and indicated that he would proceed with the filing of a motion to dismiss.  Lanz Aff., ¶ 5.  MSR served the Motion by first class mail on the afternoon of April 13th, in sufficient time for Ms. Cunningham's counsel to receive it by mail on April 14th.  Lanz Aff., ¶ 6.  MSR's counsel's rejection of Ms. Cunningham's counsel's offer to file an amended counterclaim, coupled with its service of the Motion within hours of the purported Local Rule conference, suggest that MSR's counsel failed to participate in the Local Rule conference in good faith.

8

III. <u>Conclusion</u>

Ms. Cunningham has alleged each of the requisite facts necessary to allege a claim for abuse of process, and therefore respectfully requests that this Court deny Plaintiffs' Motion to Dismiss Counterclaim.

        Respectfully submitted,

        MAUREEN CUNNINGHAM,
        By her attorneys,

        /s/ Michael C. Fee
        FEE, ROSSE & LANZ, P.C.
        Michael C. Fee (BBO #552796)
        Sabrina K. Lanz (BBO #567392)
        321 Boston Post Rd.
        Sudbury, MA 01776
        T: (978) 440-7000
        F: (978) 440-7650
        www.feelaw.com

Dated: May 11th, 2005

CERTIFICATE OF SERVICE

I, Michael C. Fee, hereby certify that a true copy of the foregoing document was served upon all counsel of record, by first class mail directed to Timothy J. Perry, Esq., Preti, Flaherty, Beliveau, Pachios & Haley LLP, Suite 200, 114 State Street, Boston, MA 02109 this 11th day of May, 2005.

        /s/ Michael C. Fee
        Michael C. Fee

oppmotdismiss