UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICRO SIGNAL RESEARCH, INC. )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>NURI OTUS and MAUREEN CUNNINGHAM, )<br>)<br>Defendants, )<br>)<br>CUPERTINO NATIONAL BANK & TRUST, )<br>)<br>Trustee Process Defendant. )<br>) | CIVIL ACTION NO.<br>04-12300-EFH |

**PLAINTIFF'S RULE 26 (a) (1) INITIAL DISCLOSURE**

Plaintiff Micro Signal Research, Inc. ("Plaintiff"), by and through its attorney, and pursuant to Fed. R. Civ. P. 26 (a) (1), provides the following initial discovery disclosures based upon information currently available:

(A)   The name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support her claims or defenses, unless solely for impeachment, identifying the subjects of the information.

      Daniel Epstein
      Via undersigned counsel

Mr. Epstein is President of Micro Signal Research, Inc. and has information pertaining to the claims made in Plaintiff's complaint, Mr. Epstein's affidavit and the defenses and counterclaims brought by Defendants.

Nuri Otus
Via Defense Counsel

Mr. Otus is expected to have evidence regarding the claims made in Plaintiff's complaint, Mr. Epstein's affidavit and the defenses and counterclaims brought by Defendants.

Maureen Cunningham
Via Defense Counsel

Ms. Cunningham is expected to have evidence regarding the claims made in Plaintiff's complaint, Mr. Epstein's affidavit and the defenses and counterclaims brought by Defendants.

Greg Quiroga
Address Presently unknown

Mr. Quiroga is expected to have evidence regarding the claims made in Plaintiff's complaint, Mr. Epstein's affidavit and the defenses and counterclaims brought by Defendants, particularly the validity of the differing entities utilized by Defendants in their business practices.

David Greenseid, Esq.
1700 S. El Camino Real, Suite 506
San Mateo, CA 94402

Mr. Greenseid is expected to have evidence regarding the differing entities utilized by Defendants as well as the acknowledgement of the debt by both Defendants.

Randy Niemeyer
Address Unknown

Mr. Niemeyer is expected to have evidence regarding the claims made in Plaintiff's complaint, Mr. Epstein's affidavit and the defenses and counterclaims brought by Defendants, particularly the validity of the differing entities utilized by Defendants in their business practices.

Jan L. Coughlin
Rob Frediani
Kerim Otus
Joseph M. ganoza
Ralph Earlywine
Renee Pyle
Roderick B. Herring

   Curtis R. Yagi
   Mark Alifano
   Arthur N. Sparling
   Robert McK. Hamner
   Michael Pufferman
   Arsenio R. Santos
   Janmes Stafford

   Addresses Unknown

These individuals are claimed to be shareholders of Auctionet.com, Inc. by Defendants and are expected to have relevant information regarding that entity and/or Realm Connect.

   Michela O'Connor Abrams
   Bruce Lange
   Chong Moon Lee
   Samuel Lee

   Addresses Unknown

These individuals are claimed to be the Board of Directors of Auctionet.com, Inc. by Defendants and are expected to have relevant information regarding that entity and/or Realm Connect.

Plaintiff expects that it may discover that other representatives and/or current or former employees or agents of Auctionet and Realm Connect may have relevant information.

(B) A copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support her claims or defenses, unless solely for impeachment:

  1. Any and all communications between the parties and their representatives;

  2. Corporate and financial documents relating to Defendants and all entities in which they have had any interest, with which they have had any business dealings and/or for whom they have been employed;

  3. Documents concerning Defendants' work history;

4. Bank documents from all banks with whom Defendants or any related entities have done business.

5. Documents concerning any real property in which Defendants or any entities related to Defendants have had an interest.

(C) A computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileges or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of the injuries suffered:

1. $210,000 plus interest, costs and attorney's fees.

(D) For inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment that may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.

1. Not applicable to Plaintiff.

PLAINTIFF RESERVES ITS RIGHT TO SUPPLEMENT ITS DISCLOSURES THROUGH DISCOVERY AS INFORMATION BECOMES AVAILABLE TO IT.

Respectfully submitted,

**MICRO SIGNAL RESEARCH, INC.,**

By its attorney,

Timothy J. Perry (BBO #631397)
PRETI FLAHERTY LLP
10 High Street, Suite 502
Boston, MA 02110
(617) 226-3800
fax (617) 226-3801

## CERTIFICATE OF SERVICE

    I hereby certify that a true copy of the above document was served upon all counsel of record by placing same addressed to said counsel in First Class U.S. Mail, pre-paid.

Dated: May 12, 2005

_____
Timothy J. Perry