**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| MICRO SIGNAL RESEARCH, INC. | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. |
|  | ) 04-12300-EFH |
| NURI OTUS and MAUREEN CUNNINGHAM, | ) |
| Defendants, | ) |
| CUPERTINO NATIONAL BANK & TRUST, | ) |
| Trustee Process Defendant. | ) |

**ANSWER TO COUNTERCLAIM**

For its Answer to the Counterclaim of Maureen Cunningham ("Defendant"),

Plaintiff Micro Signal Research, Inc. ("MSR") states as follows:

**I.    Parties**

  1.    Admitted.

  2.    Admitted.

**II.    Facts**

  3.    Admitted.

  4.    Denied.

  5.    The allegations of this paragraph refer to a written document which speaks

for itself and therefore requires no response. To the extent a response is required, MSR

denies the characterizations made of the written document in this paragraph.

6.    The allegations of this paragraph refer to written documents which speaks for themselves and therefore requires no response.  To the extent a response is required, MSR denies the characterizations made of the written documents in this paragraph.

7.    Denied.

8.    MSR admits the first sentence.  MSR denies the second sentence.

9.    Denied

10.   Denied.

11.   Denied.

12.   Denied

13.   Denied.

14.   Denied.

15.   Denied.

16.   Denied.

## COUNT I – ABUSE OF PROCESS

17.   MSR repeats and realleges the responses contained in all preceding paragraphs.

18.   Admitted.

19.   Denied.

20.   Denied.

## ADDITIONAL DEFENSES

MSR asserts the following additional defenses without assuming the burden of proof when such burden would otherwise be on Defendant.  MSR expressly reserves the

right to amend its Answer as additional information becomes available and/or is otherwise discovered.

## AFFIRMATIVE DEFENSES

1.      Defendant's alleged damages are a result of her own conduct or the conduct of other parties for whose conduct MSR is not responsible.

2.      Defendant has suffered no damages and any damages alleged by her were not caused by the alleged conduct of MSR.

3.      MSR has done nothing wrong and made no misrepresentations and has not participated as a party in any wrongdoing by others.

4.      Plaintiffs' claims are wholly insubstantial, frivolous and not advanced in good faith. As such, MSR requests a hearing on this issue as well as all rights and remedies to which it is entitled under Fed. R. Civ. P. 11 and G. L. c. 231 § 6F.

5.      Defendant fails to state claims upon which relief may be granted.

6.      Defendant has not been harmed by MSR's alleged conduct.

7.      Defendant has failed to mitigate her damages, if any, claimed as a result of MSR's alleged conduct.

8.   Defendant's claims fail due to the doctrine of waiver.

9.   Defendant's claims fail due to the doctrine of estoppel.

10. Defendant's claims fail due to the doctrine of laches.

**WHEREFORE**, MSR hereby requests that this Honorable Court:

1.      Enter judgment in its favor on each count of this its complaint;

2.      Award all damages to which MSR is entitled, including interest and costs;

3

3.     Award all damages allowed under G.L. c. 93A, including double or treble

damages, costs, interest and attorney's fees;

4.     Award damages under Fed. R. Civ. P. 11 and G. L. c. 231 § 6F after a

hearing on Defendant's prosecution of her claims and defenses in this

matter; and

5.     Award such other and further relief as is just and equitable.

## JURY DEMAND

MSR hereby demands a trial by jury on all counts of its Complaint and the

Counterclaim that are so triable.

Respectfully submitted,

**MICRO SIGNAL RESEARCH, INC.,**

By its attorney,

Timothy J. Perry (BBO #631397)
PRETI FLAHERTY LLP
10 High Street, Suite 502
Boston, MA 02110
(617) 226-3800
fax (617) 226-3801

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon all
counsel of record by placing same addressed to said counsel in First Class U.S. Mail, pre-
paid.

Dated: June 6, 2005

Timothy J. Perry

4