UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
(EASTERN DIVISION)

Case # 1:04-CV-12300-EFH

| | |
|---|---|
| MICRO SIGNAL RESEARCH, INC., | ) |
| Plaintiff, | ) |
| v. | ) |
| NURI OTUS and MAUREEN CUNNINGHAM, | ) |
| Defendants, | ) |
| and | ) |
| CUPERTINO NATIONAL BANK & TRUST, | ) |
| Trustee Defendant. | ) |

AFFIDAVIT OF MICHAEL C. FEE IN SUPPORT OF DEFENDANTS'
MOTION TO MODIFY SCHEDULING ORDER

I, Michael C. Fee, depose and state as follows:

1.   I am an attorney licensed to practice in the Commonwealth of Massachusetts, and in the United States District Court for the District of Massachusetts.  I am a member of the firm of Fee, Rosse & Lanz, P.C.  Fee, Rosse & Lanz, P.C. is counsel to defendants Nuri Otus and Maureen Cunningham (collectively, "Defendants") in this matter.

1.   By telephone conference on November 28, 2005, counsel for
     Plaintiff, Timothy Perry, and I had a telephone conference

      regarding the deadline to file summary judgment motions, and the potential for resolution of the matter without further litigation.

2. I was not aware and was not informed by opposing counsel that if the parties were not able to resolve the matter within a period of forty-eight hours, Attorney Perry would serve a motion for summary judgment. Because this particular settlement dialogue was raised only two days before the summary judgment deadline, I did not believe that either party would serve a motion for summary judgment by the scheduled deadline of November 30, 2005.

3. After the telephone conference on November 28, 2005, I requested that my clients provide additional information responsive to request made by Attorney Perry in our November 28th telephone conference.

4. On November 30, 2005, I prepared a draft Motion to Modify Scheduling Order and Extend Summary Judgment Deadline, and pursuant to Local Rule 7.1, faxed it to Attorney Perry for comment.

5. I subsequently learned that Attorney Perry did not understand that the motion had not yet been filed, and rather than contacting me to discuss the proposed motion, he filed an opposition directly with the Court.

6. In addition, under cover of letter dated November 30, 2005, Plaintiff filed a motion for summary judgment. I was not aware of the filing of Plaintiff's motion for summary judgment until December 1, 2005.

7. As a result of the November 28th telephone conference, I was not aware that Attorney Perry would proceed with filing a motion for summary judgment on November 30, 2005, nor that he would oppose the motion to extend the filing deadlines.

8. To the contrary, I hoped that the draft motion to extend the deadline would in fact be submitted as a joint motion.

9. It is now apparent that there were a series of miscommunications between Attorney Perry and myself regarding the filing of summary judgment motions, and the filing of the motion to extend the deadline for filing of such motions.

10. I only became aware of the apparent miscommunication upon receipt of the motion for summary judgment, and the opposition to the motion to extend the filing deadline.

11. Ms. Cunningham anticipates filing a cross-motion for summary judgment which, if allowed, would significantly narrow the issues to be resolved at trial with respect to her liability.

Signed under the penalties of perjury this 9th day of December, 2005.

/s/ Michael C. Fee
Michael C. Fee

CERTIFICATE OF SERVICE

I, Michael C. Fee, hereby certify that a true copy of the foregoing document was served upon all counsel of record, by facsimile and first class mail directed to Timothy J. Perry, Esq., Preti, Flaherty, Beliveau, Pachios & Haley, 10 High Street, Fifth Floor, Boston, MA 02110 this 9th day of December, 2005.

/s/ Michael C. Fee

affmcfschedorder.doc