UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MICRO SIGNAL RESEARCH, INC. )<br>)<br>      Plaintiff, )<br>)<br>v. )<br>)<br>NURI OTUS and MAUREEN CUNNINGHAM, )<br>)<br>      Defendants, )<br>)<br>CUPERTINO NATIONAL BANK & TRUST, )<br>)<br>      Trustee Process Defendant. )<br>) | CIVIL ACTION NO.: 0412300-EFH |

**OPPOSITION TO DEFENDANTS NURI OTUS' AND MAUREEN CUNNINGHAM'S MOTION TO EXTEND TIME FOR FILING OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff opposes Defendants' motion to extend time for filing opposition to Plaintiff's motion for summary judgment. The motion should be denied for the following reasons:

(1) Normally, undersigned counsel would not oppose the present motion. Indeed, undersigned counsel assented to two motions to extend time for Defendants' counsel to file pleadings in the frivolous appeal of this Court's prior orders waged by Defendants.

(2) This is not a normal case. Defendants do not need time to respond to the pending summary judgment motion because they have already admitted liability and waived any defense to repayment of the money they stole. Among other things, at that motion hearing, Defendants' present counsel stated: **"Your Honor, *they* [the Defendants] acknowledge the existence of the debt, and *they* have made attempts to**

**try and work out arrangements…"** When Defendants' appealed this Court's prior rulings, the First Circuit found this admission controlling. *Micro Signal Research, Inc. v. Otus and Cunningham*, No. 04-2563 (attached to the Second Epstein Aff. as Exhibit 5), p. 9 (the "admission of counsel of his clients' personal liability in open Court [was] ample basis for determining that [Plaintiff] is likely to prevail on the merits [against both Otus and Cunningham]"). The admission is also conclusive for purposes of the pending summary judgment motion. *Fraser and Wise, P.C. v. Primarily Primates, Inc.*, 966 F. Supp. 63, 75 (D. Mass. 1996) ("Stipulations by counsel made in open court … constitute "admissions on file" within the meaning of Rule 56(c)"); *citing* 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2722 (1983) ("admissions need not be pursuant to Rule 36" but may occur during pretrial conferences, oral argument on the motion, joint statements or stipulations); 6 James Wm. Moore, *Moore's Federal Practice* ¶ 56.11[1.-5] (1996) (admissions, for Rule 56(c) purposes, may be made at pretrial conference).

  (3) The Court is further reminded that in months and months of pre-litigation communications from Defendants' prior counsel, Defendants' continually affirmed the debt and promised to repay it (even through a refinance of their personal residence); culminating in the above-stated representation to *this* Court at the motion for preliminary injunction hearing. After reviewing the record of Defendants' repeated affirmations of the debt, the First Circuit rejected Defendants' faulty corporate veil argument. Instead, the First Circuit pointed out the "patent evidence of personal liability" in this matter. *Micro Signal Research, Inc. v. Otus and Cunningham*, *supra*, p. 8. The Court further stated that "fraud by a corporate officer normally makes him independently liable without

any need to pierce the corporate veil." *Id*., p. 4-5; *citing Bond Leather Co. v. Q.T. Shoe Mfg.Co.*, 764 F.2d 928, 938 (1st. Cir. 1985); *Townsends, Inc. v. Beaupre*, 716 N.E.2d 160, 164 (Mass. App. Ct. 199); *Wyatt v. Union Mortgage Co.*, 598 P.2d 45, 52 (Cal. 1979); *A-1 Check Cashing Serv., Inc. v. Goodman*, 538 N.Y.S.2d 830, 831 (App. Div. 1989).

(4) This Court is also reminded that Defendants simply refused to appear at their noticed depositions in Massachusetts despite the fact that Defendant Cunningham brought a nefarious counterclaim of her own in this case. The Court should not permit additional time to these parties who clearly do not respect the authority of this Court or deign it necessary to comply with this Court's Rules.

(5) Defendants have plainly defrauded Plaintiff and further continuances will prejudice Plaintiff. Enough is enough. It is time for Defendants to repay the money they stole. Since they are unwilling to do so voluntarily (despite their promises), Plaintiff is forced to seek a judgment to collect the money. That judgment should be entered forthwith.

(6) Finally, Plaintiff undertook to comply with the scheduling order and timely filed its summary judgment papers. Since Plaintiff spent considerable time and effort complying with the scheduling Order, Defendants should not benefit from their failure to comply. Importantly, Defendants have known that they stole Plaintiff's money for over two years now and should not be heard to complain that they have not had time to compile affidavits – affidavits that, at this point, will be aimed at maneuvering around their prior admissions and avoiding a debt that they have plainly acknowledged.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court DENY Defendants' motion to extend time for filing opposition to Plaintiff's motion for summary judgment.

Respectfully submitted,

**MICRO SIGNAL RESEARCH, INC.**,

By its attorneys,

 /s/ Timothy J. Perry
Timothy J. Perry (BBO# 631397)
Gregory T. Donoghue (BBO# 661480)
PRETI, FLAHERTY, BELIVEAU
    PACHIOS & HALEY LLP
10 High Street, Suite 502
Boston, MA  02110
Dated:  December 14, 2005          (617) 226-3800
(617) 226-3801


## CERTIFICATE OF SERVICE

I hereby certify that I caused a true copy of the foregoing document to be served this date upon counsel of record by causing same to be placed in the United States Mail, First Class, postage pre-paid.


Dated:  December 14, 2005              __/s/ Timothy J. Perry_____
Timothy J. Perry

4