# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

|   |   |
|---|---|
| MICRO SIGNAL RESEARCH, INC. | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO.: 0412300-EFH |
| NURI OTUS and MAUREEN CUNNINGHAM, | ) |
| Defendants, | ) |
| CUPERTINO NATIONAL BANK & TRUST, | ) |
| Trustee Process Defendant. | ) |

**PLAINTIFF'S MOTION TO COMPEL DEPOSITION TESTIMONY OF
DEFENDANTS NURI OTUS AND MAUREEN CUNNNINGHAM**

Pursuant to Fed. R. Civ. P. 26, 30 and 37, Plaintiff Micro Signal Research, Inc. ("Plaintiff"), hereby moves to compel the depositions of Defendants Nuri Otus and Maureen Cunningham. Defendants' depositions were noticed within the discovery period, but after agreeing through counsel to appear, Defendants refused to do so. Thereafter, Defendants submitted supplemental affidavits to defeat summary judgment without Plaintiff having the opportunity to cross-examine Defendants. In support of this motion, Plaintiff states as follows:

1. On May 12, 2005, Plaintiff, through its counsel, noticed Defendant Cunningham's deposition to occur on June 3, 2005. A true copy of the notice of deposition attached hereto as Exhibit 1.

2. Cunningham responded, through counsel, and informed Plaintiff that she was "not available on June 3, 2005." Defendant's counsel, however, stated that "she can be

available for a deposition at your offices on any of the following dates: June 28th, 29th or 30th." A true copy of counsel's May 20, 2005 letter is attached hereto as Exhibit 2.

3. As a result of counsel's agreement to produce Defendant, her deposition was set for June 30, 2005 and Plaintiff refrained from moving to compel.

4. On June 2, 2005, Cunningham's counsel suggested that certain discovery issues should be resolved "so that we may go forward with Ms. Cunningham's deposition as currently scheduled [on June 30, 2005]." A true copy of the June 2, 2005 letter is attached hereto as Exhibit 3.

5. On June 3, 2005, counsel for Plaintiff sent a re-notice of deposition confirming the June 30, 2005 deposition date. A true copy of counsel's June 3, 2005 letter is attached hereto as Exhibit 4.

6. On June 6, 2005, counsel for Defendant confirmed that Ms. Cunningham had "agreed to travel [to Massachusetts] for this deposition…" A true copy of the June 6, 2005 letter is attached hereto as Exhibit 5. Counsel for Plaintiff agreed to postpone the deposition due to certain issues of document production raised by Defendant at that time.

7. Despite their discovery obligations, Defendants never produced *any* documents in this matter. As a result, and because the discovery period was closing, Plaintiff served notices of deposition on both defendants on September 21, 2005 – within the discovery period set by the Court. True copies of the notices of deposition are attached hereto as Exhibit 6.

8. On October 13, 2005, after the discovery period lapsed, Defendants took the contrary position to their prior representations – now claiming that if Plaintiff wished to

depose her clients, Plaintiff "will have to do so in California." A true copy of the October 13, 2005 letter is attached hereto as Exhibit 7.

9. Since Defendants had failed to produce their clients in response to deposition notices and failed to produce documents supporting their scurrilous defenses in this matter, Plaintiff moved for summary judgment. To defeat summary judgment, Defendants submitted new affidavits and new documents which had never been produced in discovery. True copies of Defendants supplemental affidavits are attached hereto as Exhibit 8 and 9.

10. These actions are unfair and prejudicial to Plaintiff because Defendants have abused the discovery rules to their advantage.

11. In order to prepare for trial, and to explore the new factual issues set forth in the affidavits and documents submitted outside the discovery period, Plaintiff requests that this Court Order Defendants to appear at depositions at a mutually agreeable time within the next thirty days at the offices of Plaintiff's counsel.

WHEREFORE, Plaintiff requests that this Court Order:

(1) That Defendants must appear at depositions at a mutually agreeable time within the next thirty days at the offices of Plaintiff's counsel;

(2) Such other and further relief as this Court deems just.

Respectfully submitted,

**MICRO SIGNAL RESEARCH, INC.**,

By its attorneys,

/s/ Gregory Donoghue
Timothy J. Perry (BBO# 631397)
Gregory T. Donoghue (BBO# 661480)
PRETI, FLAHERTY, BELIVEAU
    PACHIOS & HALEY LLP
10 High Street, Suite 502
Boston, MA  02110
(617) 226-3800
(617) 226-3801

## LOCAL RULE 7.1(A)(2) CERTIFICATE

Pursuant to Local Rule 7.1(A)(2), the undersigned counsel certifies that he attempted to confer by telephone with defendants' counsel on January 19, 2006 in a good faith attempt to resolve the issues presented in this motion. By letter dated January 26, 2006, Defendant's counsel took the position that she would produce Defendant's for deposition, but only in California. Therefore the issues set forth in this motion can not be resolved.

Dated:  January 26, 2006                    /s/ Gregory Donoghue
                                             Gregory Donoghue