UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
(EASTERN DIVISION)

Case # 1:04-CV-12300-EFH

MICRO SIGNAL RESEARCH, INC., )
 )
    Plaintiff, )
 )
v. )
 )
NURI OTUS and MAUREEN CUNNINGHAM, )
 )
    Defendants, )
 )
and )
 )
CUPERTINO NATIONAL BANK & TRUST, )
 )
    Trustee Defendant. )
 )

### SUPPLEMENTAL AFFIDAVIT OF NURI OTUS IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

I, Nuri Otus, depose and state, based on my personal knowledge and under the penalty of perjury, as follows:

1. I never represented to Micro Signal Research, Inc. ("MSR" or "plaintiff") or Daniel Epstein ("Mr. Epstein") that that an agreement to buy the contemplated equipment had been secured, or that MSR's money was held in escrow in order to facilitate that purchase as erroneously suggested in Paragraph 16 of Plaintiff's Local Rule 56.1 Statement

2. Neither MSR nor Mr. Epstein requested a return of $210,000.00 on or about December 21, 2003 as erroneously suggested in Paragraph 19 of

Plaintiff's Local Rule 56.1 Statement, and paragraph 16 of the Affidavit of Daniel Epstein ("Epstein Affidavit").

3. The email dated December 28, 2003 speaks for itself, but I do not believe that is was, nor did I interpret it to be, a request for the return of $210,000.00 to MSR, as erroneously alleged in paragraph 20 of Plaintiff's Local Rule Statement.

4. At no time did I call Mr. Epstein to apologize or state that I had meant to advise MSR that I had never picked up the equipment. At no time did I tell Mr. Epstein that the money would be returned, or that I could borrow the money from my mother. At no time did I request that MSR not go to the authorities, all as erroneously alleged in paragraph 29 of Plaintiff's Local Rule Statement.

5. I never authorized David Greenseid ("Attorney Greenseid") to acknowledge any personal liability for AuctioNet's corporate debt to MSR, nor do any communications from Attorney Greenseid to MSR or Mr. Epstein constitute my acknowledgment of personal responsibility for AuctioNet's corporate debt, as erroneously suggested in paragraphs 31, 32, 35 - 37, 41, 43, 44 and 46 of Plaintiff's Local Rule Statement.

6. I have always maintained that any obligation owed to MSR arising out of the alleged transaction was a corporate debt owed by AuctioNet, and not by me personally, as erroneously suggested in paragraph 32 of Plaintiff's

2

Local Rule Statement.

7.  I have engaged bankruptcy counsel, but have not yet filed for protection under any Chapter of the United States Bankruptcy Code. In addition, I have recently resolved two matters in California, but I deny that the facts or circumstances of those disputes are similar to those claims raised by MSR as alleged in paragraph 53 of plaintiff's Local Rule 56.1 Statement.

Signed under the pains and penalties of perjury this 21th day of December, 2005.

_____
NURI OTUS

CERTIFICATE OF SERVICE

    I, Michael C. Fee, hereby certify that a true copy of the foregoing document was served upon all counsel of record, by first class mail, directed to Timothy J. Perry, Esq., Perry, Krumsiek & Wayland, P.A., Suite 200, 114 State Street, Boston, MA 02109 this 1st day of November, 2004.

                          /s/ Michael C. Fee
                          Michael C. Fee

*suppaffno.doc*