UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
(EASTERN DIVISION)

Case # 1:04-CV-12300-EFH

| | |
|---|---|
| MICRO SIGNAL RESEARCH, INC., | ) |
| Plaintiff, | ) |
| v. | ) |
| NURI OTUS and MAUREEN CUNNINGHAM, | ) |
| Defendants, | ) |
| and | ) |
| CUPERTINO NATIONAL BANK & TRUST, | ) |
| Trustee Defendant. | ) |

### DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DEPOSITION TESTIMONY OF DEFENDANTS NURI OTUS AND MAUREEN CUNNINGHAM

Defendants Nuri Otus ("Mr. Otus") and Maureen Cunningham ("Ms. Cunningham")(collectively, "defendants") hereby oppose Plaintiff's Motion for Deposition Testimony of Defendants Nuri Otus and Maureen Cunningham (the "Motion") and request that a protective order be granted directing that any deposition of the defendants be conducted in California.

I.   Relevant Procedural Background

This dispute arises out of an alleged agreement between plaintiff Micro Signal Research, Inc. ("MSR" or "plaintiff") and a corporate

entity known as Realm Connect Corporation, d/b/a AuctioNet.com ("AuctioNet"). Plaintiff and AuctioNet entered into a failed business venture where sums were advanced by plaintiff and not repaid by AuctioNet. On or about October 29, 2004, MSR commenced this action by filing suit in Massachusetts against Mr. Otus individually, and his wife, Ms. Cunningham.

On or about May 12, 2005, plaintiff served Interrogatories, Requests for Production of Documents, and Requests for Admissions to Ms. Cunningham and Mr. Otus. Plaintiff also served a Notice of Deposition to Ms. Cunningham noticing her deposition for June 3, 2005 in Boston. By letter dated May 20, 2005, the undersigned informed plaintiff that Ms. Cunningham would not be available for deposition on June 3, 2005, but stated that she would agree to be deposed in Boston on June 28, 29 or 30, 2005. Ms. Cunningham agreed to be deposed in Boston because she was visiting the East Coast on an unrelated personal matter. By letter dated May 25, 2005, plaintiff agreed to depose Ms. Cunningham on June 30, 2005, but also requested that all outstanding discovery be provided to plaintiff prior to Ms. Cunningham's deposition. On or about June 3, 2005, plaintiff re-noticed Ms. Cunningham's Deposition for June 30, 2005.

By letter dated June 6, 2005, defendants' counsel informed plaintiff's counsel that, notwithstanding the agreement to produce Ms.

2

Cunningham on June 30, in the event counsel were unable to reach an agreement regarding discovery disputes, Ms. Cunningham's deposition could not go forward as scheduled. Prior to June 30, 2005, counsel determined that the deposition would not go forward on June 30, 2005. By letter dated June 30, 2005, Ms. Cunningham responded to plaintiff's interrogatories and document requests. In her responses, Ms. Cunningham stated that certain documents would not be produced until the parties entered into a joint confidentiality order because of defendants' concerns regarding proprietary information, such as trade secrets and information about third party customers with whom defendants have entered into confidentiality agreements. In the June 30th letter, defendants forwarded to plaintiff a draft Confidentiality Order concerning not only documents, but which would also apply to all confidential information that might be shared during the course of defendants' depositions. Plaintiff failed to approve or comment on the proposed draft.

Subsequently, by letter dated September 21, 2005, plaintiff served Notices of Deposition for Mr. Otus and Ms. Cunningham for September 30, 2005. Defendant's counsel left voice mail messages for plaintiff's counsel on September 23, 2005 and October 4, 2005, to discuss the date and location of the depositions. Plaintiff's counsel failed to respond to either voicemail, and by letter dated October 13, 2005, defendants'

counsel notified plaintiff's counsel that if he wished to depose defendants, he would have to do so in California where they reside.

By letter dated December 14, 2005, defendants' counsel again requested that plaintiff comment on or approve the draft of the Confidentiality Order. Plaintiff again failed to respond. On or about January 19, 2006, plaintiff's counsel left a voicemail message for defendants' counsel requesting that defendants make themselves available for depositions in Boston. By letter dated January 26, 2006, the undersigned stated that defendants would not agree to be deposed in Boston, and that depositions of the defendants should take place in California where they reside. In the January 26th letter, the undersigned also informed plaintiff's counsel that if he did not provide any comments on or before January 30, 2006, defendants would move to have the draft Confidentiality Order entered as an Order of the Court. Plaintiffs again failed to comment on or approve the draft order. Plaintiff filed the Motion on January 27, 2006, although defendants did not receive notice of the Motion until February 15, 2006.

II.   Argument

A.   Defendants Should Be Deposed in California Where They Reside and are Employed.

A party seeking discovery may set the place for deposition of another party to an action wherever he wishes, subject to the Court's power to grant a protective order designating a different place. Wright

4

and Miller, <u>Federal Practice and Procedure:</u> Civil, § 2112. However, while a court may order a defendant to appear at any convenient place for examination, it will be presumed that a defendant will be examined at his residence or place of business or employment. . . ." <u>Fortune Management, Inc. v. Bly</u>, 118 F.R.D. 21 (D.Mass. 1987); <u>Pinkham v. Paul</u>, 91 F.R.D. 613 (D.Me. 1998). In this case, there is no basis to compel defendants' appearance for depositions in Massachusetts. Plaintiff chose this jurisdiction by filing the complaint in Massachusetts, knowing that defendants do not reside or work here. Defendants are both domiciled and have places of business or employment in the State of California. Mr. Otus and Ms. Cunningham have no business affiliations that will bring them to Boston, nor do they presently have any personal interests that will bring anywhere else on the East Coast. Further, the defendants have young children in California and their child-care needs make coming to Boston both a logistical and financial hardship. Finally, Defendants have previously offered, through counsel, to make themselves available to be deposed in California on any date during the first two weeks of March.

    B.    <u>Ms. Cunningham Previously Offered to Make Herself Available for a Deposition in Boston</u>.

Ms. Cunningham previously agreed to appear for her deposition in Boston in June, 2005, at a time when she was available to travel to Boston at minimal personal expense and inconvenience. Ms. Cunningham

5

was able to offer this as an accommodation to plaintiff because she was already traveling to New York on an unrelated personal matter. When counsel for plaintiff and defendants were unable to resolve their ongoing discovery disputes, Ms. Cunningham's deposition was postponed without objection by plaintiff. Plaintiff should have availed itself of the opportunity to depose Ms. Cunningham in Boston when it had the opportunity to do so. The limited period of time during which Ms. Cunningham was in New York was the only time she was amenable to appearing at a deposition in Boston. The mere fact that she previously agreed to appear in Boston at a time when it was relatively convenient and inexpensive for her to do so does not provide a sufficient basis to compel her to return to Boston now. Ms. Cunningham is no longer willing to appear for a deposition in Boston because to do so would cause her to incur substantial personal expense and inconvenience with respect to child care issues.

As a final matter, Mr. Otus has not traveled to the East Coast since this litigation was commenced, and has never volunteered to make himself available for a deposition in Boston. Plaintiff did not notice Mr. Otus's deposition until September 2005, and defendants' counsel has steadfastly objected to his deposition being taken in Boston. Both Ms. Cunningham and Mr. Otus remain willing to be deposed in California.

C.   Ms. Cunningham's Counterclaim is Compulsory.

The fact that Ms. Cunningham has asserted a counterclaim is not relevant in determining the location of her deposition because her counterclaim was compulsory.  See 4 Moore's Federal Practice § 26.70 (1-3), at 26-514; See also, Continental Federal Savings and Loan Assoc. v. Delta Corp. of America, 71 F.R.D. 697, 700 (W.D. Ok., 1976).  A defendant who asserts a compulsory counterclaim does not subject himself to a deposition in the forum jurisdiction soley by virtue of filing the counterclaim.  Id.  Ms. Cunningham's counterclaim is compulsory, not permissive, because it: (i) arises out of the occurrence which is the subject matter of plaintiff's complaint; (ii) does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction; and (iii) was not, at the time the original action was commenced, the subject matter of another pending action.  See, e.g., Pinkham, supra at 615.  Mr. Otus has not filed any counterclaim in this action.

WHEREFORE, defendants Nuri Otus and Maureen Cunningham respectfully request that this Court deny Plaintiff's Motion to Compel Deposition Testimony of Defendants Nuri Otus and Maureen Cunningham and grant defendant's request for a protective order directing plaintiff to depose the defendants in California.

7

> Respectfully submitted,
> NURI OTUS and MAUREEN CUNNINGHAM,
> By their attorneys,
>
> /s/ Michael C. Fee
> FEE, ROSSE & LANZ, P.C.
> Michael C. Fee (BBO #552796)
> Sabrina K. Lanz (BBO #567392)
> 321 Boston Post Rd.
> Sudbury, MA 01776
> T: (978) 440-7000
> F: (978) 440-7650
> www.feelaw.com

Dated: March 1, 2006

## CERTIFICATE OF SERVICE

I, Sabrina K. Lanz, hereby certify that a true copy of the foregoing document was served upon all counsel of record, by first class mail directed to Timothy J. Perry, Esq., Perry, Krumsiek & Wayland, P.A., Suite 200, 114 State Street, Boston, MA 02109 this 1st day of March, 2006.

> /s/ Sabrina K. Lanz
> Sabrina K. Lanz

oppo.motioncompel.doc