UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICRO SIGNAL RESEARCH, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO.: 0412300-EFH |
| ) | |
| NURI OTUS and MAUREEN CUNNINGHAM, ) | |
| ) | |
| Defendants, ) | |
| ) | |
| CUPERTINO NATIONAL BANK & TRUST, ) | |
| ) | |
| Trustee Process Defendant. ) | |

**PLAINTIFF'S OPPOSITION TO MOTION FOR ENTRY OF CONFIDENTIALITY AND PROTECTIVE ORDER AND CROSS-MOTION TO COMPEL ANSWERS TO INTERROGATORIES AND DOCUMENT REQUESTS**

Pursuant to Fed. R. Civ. P. 26, 33, 34 and 37, Plaintiff Micro Signal Research, Inc. ("Plaintiff"), hereby opposes the motion for entry of confidentiality and protective orders in this matter and cross-moves to compel interrogatory responses and document requests from Defendants Nuri Otus and Maureen Cunningham that are long overdue. In support of this motion, Plaintiff states as follows:

1. Defendants are not entitled to a blanket confidentiality order. Instead, they should have properly answered discovery requests and provided a privilege log with specific designations of privileged documents. Indeed, it is clear that Defendants are not concerned with confidentiality and are rather playing games with discovery because they selectively produced certain of their so-called "confidential" financial documents to defeat summary judgment. Privileges cannot be used as a sword and shield. If

*[handwritten notation: 3-20-06 Cross-motion is allowed. So ordered. Edward F. Harrington, S.D.J. 69]*

Defendants can produce some financial records to defeat summary judgment, they must be required to produce *all* records in their possession, custody or control.

2. The Court should further note that, as set forth in prior pleadings, it appears that Defendants have conducted similar internet scams as the one in which they stole $210,000 from Plaintiff in this matter and there have been several lawsuits pending in other jurisdictions with similar claims as those made here. The blanket request for confidentiality in this matter would serve Defendants' interest in shielding themselves from public exposure for their wrongs and might prevent the sharing of information between counsel in the several lawsuits.

3. In order to prepare for trial, Plaintiff requests that this Court Order Defendants to produce all outstanding discovery without the benefit of confidentiality or protective orders.

WHEREFORE, Plaintiff requests that this Court:

(1) DENY Defendants' request for entry of a confidentiality and protective Order;
(2) ORDER Defendants to produce full answers to all interrogatories and to produce all documents responsive to all document requests within fifteen days.

Respectfully submitted,
**MICRO SIGNAL RESEARCH, INC.**

By its attorneys,

/s/ Gregory Donoghue
Timothy J. Perry (BBO# 631397)
Gregory T. Donoghue (BBO# 661480)
PRETI, FLAHERTY, BELIVEAU
    PACHIOS & HALEY LLP
10 High Street, Suite 502
Boston, MA  02110
(617) 226-3800
(617) 226-3801

Dated: March 16, 2006