**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| MICRO SIGNAL RESEARCH, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. |
| ) | 04-12300-EFH |
| NURI OTUS and MAUREEN CUNNINGHAM, ) | |
| ) | |
| Defendants, ) | |
| ) | |
| CUPERTINO NATIONAL BANK & TRUST, ) | |
| ) | |
| Trustee Process Defendant. ) | |

**MOTION TO ENFORCE SETTLEMENT AGREEMENT OR, ALTERNATIVELY, FOR IMMEDIATE ASSIGNMENT OF TRIAL DATE**

Plaintiff Micro Signal Research, Inc. ("Plaintiff") hereby moves to enforce a settlement agreement reached between the parties or, alternatively, for immediate assignment of a new trial date. As reasons therefore, Plaintiff states as follows:

**I.    Introduction**

On April 6, 2007, the parties agreed to all material terms for settlement of this matter through a series of e-mails between counsel. The relevant e-mail string is attached below. Based upon the representations of Defendants that the matter was settled and initial payments would be received by April 30, 2007, the case was reported settled and taken off the trial list. Since the time of the settlement, Defendants have reneged on finalizing the settlement and payment the settlement sum, based upon quibbling over a confidentiality provision that was not a material term to the settlement. The settlement should be enforced or the matter set for immediate trial.

This case involves money ($210,000) stolen by Defendants via an internet scam. This Court issued attachments and a preliminary injunction on November 4, 2004 to provide security to Plaintiff for the $210,000. Defendants at that hearing stated that they were making arrangements to repay the debt. Nonetheless, Defendants have done everything in their power to frustrate and avoid the Court's attachment and preliminary injunction orders and have failed to repay a cent of the money they converted.

First, Defendants unsuccessfully appealed this Court's Orders for attachments and preliminary injunction. The appeal was denied; the First Circuit finding, among other things, that the "admission by counsel of his clients' personal liability in open court is ample basis for determining that [Plaintiff] is likely to prevail on the merits." Finally, when trial approached, Defendants, again through counsel, promised to repay the debt through a settlement agreement, promissory note and agreement for judgment. Based upon these representations, counsel for Plaintiff advised the Court that a settlement had been reached and the matter was taken off the trial list. Now, Defendants have balked at finalizing the settlement papers in favor of quibbling over "confidentiality" language that was not a material part of the settlement terms to which the parties agreed. Through this motion, Plaintiff seeks to enforce the material terms of the settlement agreement reached between the parties.

### III. Factual and Procedural Background[1]

On October 28, 2004, Plaintiff sued seeking to recover $210,000 that had been stolen by Defendants under the guise that they operated a legitimate auction website called Auctionet.com and that the funds would be used to purchase a specific

---

[1] The extensive factual record and documents supporting it are found in various affidavits filed by Plaintiff previously with the Court.

2

lot of equipment to be jontly marketed.  For several months prior to this lawsuit, Defendants claimed to have purchased the equipment.  Their fraud was uncovered when Plaintiff traveled to California to inspect the equipment and saw an empty warehouse.  When caught in the scam, Defendants – in fear of being turned in to the authorities – acknowledged the debt and promised repayment through their legal counsel for many months prior to suit.  See Epstein Aff., Exhibits 20-26.  Indeed, they promised to re-finance their personal home in order to make repayment and even provided supposed re-finance documents to Plaintiff to assuage its insecurity and to forestall legal action.

On November 4, 2004, this Court – after a hearing in which all parties were represented by counsel – issued an Order allowing a preliminary injunction, real estate attachment and a trustee process attachment against Defendants' funds held by Cupertino National Bank & Trust in the amount of $210,000.  At the hearing on the preliminary relief requested, counsel for Defendants reiterated the promise of repayment of the debt:

> Your Honor, *they* [the Defendants] acknowledge the existence of the debt, and *they* have made attempts to try and work out arrangements…

Despite all of their prior acknowledgements of the debt and promises to repay, Defendants have failed to repay a single penny to Plaintiff.  Rather, Defendants have avoided repayment and raised the stakes by, among other things, appealing this Court's Orders for preliminary injunction and attachments to the United Stated Court of Appeals for the First Circuit.  The First Circuit affirmed this Court's Order and found, among other things, that the "admission by counsel of his clients' personal liability in open court is ample basis for determining that [Plaintiff] is likely to prevail on the merits."  **(9)**

On January 24, 2005, just over two months after this Court issued a preliminary injunction requiring Defendants to pay monies earned from their new venture AMA

Limited into this Court, Defendant Nuri Otus filed yet another corporation in California (ARH Group, Inc.). Upon information and belief, this new entity allows defendants to avoid paying additional monies into Court per the Court's prior preliminary injunction Order because that Order only affects the entity known as AMA Limited.

## II.     The Parties Reached And Reported A Valid And Binding Settlement

"[I]t is conventional for the court before whom the case is pending to enforce a settlement agreement, assuming it is valid,,," *Bandera v. City of Quincy*, 344 F.3d 47, 51 (1st Cir. 2003); *citing Quint v. A.E. Staley Mfg. Co.,* 246 F.3d 11, 14 (1st Cir. 2001), *cert. denied,* 535 U.S. 1023,122 S.Ct. 1618, 152 L.Ed.2d 631 (2002). A party to a settlement agreement may seek to enforce the agreement's terms when the other party reneges. *Malave v. Carney Hospital*, 170 F.3d 217, 220 (1st Cir. 1999). "If, at the time of the claimed breach, the court case already has been dismissed, the aggrieved party may bring an independent action for breach of contract." *Id.; citing Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 381-82, 114 S. Ct. 1673, 128 L.Ed.2d 391 (1994). "If, however, the settlement collapses before the original suit is dismissed, the party who seeks to keep the settlement intact may file a motion for enforcement." *Id.; citing United States v. Hardage*, 982 F.2d 1491, 1496 (10th Cir. 1993) ("A trial court has the power to summarily enforce a settlement agreement entered into by the litigants while the litigation is pending before it.") (citations omitted); *Mathewson Corp. v. Allied Marine Indus., Inc.*, 827 F.2d 850, 852-53 (1st Cir. 1987).

Where "the parties [to a settlement agreement] have agreed upon all material terms, it may be inferred that the purpose of a final document which the parties agree to execute is to serve as a polished memorandum of an already binding contract." *Aegis v.*

4

*Finnegan*, 2002 U.S. Dist. LEXIS 2339 (U.S.D.C. MA Civil Action No. 00-11801GAO); *quoting Goren v. Royal Invs. Inc*, 516 N.E. 2d 173, 175 (Mass. App. Ct. 1987). Factors bearing on whether a contract has been formed even though the final agreement was not yet memorialized include:

> the extent to which express agreement has been reached on all the terms to be included, whether the contract is of a type usually put in writing, whether it needs a formal writing for its full expression, whether it has few or many details, whether the amount involved is large or small, whether it is a common or unusual contract, whether a standard form of contract is widely used in similar transactions, and whether either party takes any action in preparation for performance during the negotiations.

*Id*.; *citing* Restatement (Second) of Contracts § 27, cmt. c (1979).

In this case the parties reached settlement on all material terms and, therefore, Defendants should not be able to avoid the terms of the settlement – or repayment of the debt they have acknowledged for several years. The relevant e-mail string between Michael Fee, counsel for Defendants, and Timothy Perry, counsel for Plaintiff, is as follows (in reverse chronological order):

From:   mfee@feelaw.com
To:     TPerry@preti.com
Subject: Re:
Date:
Timing: We can release the 110 escrow immediately. A CD with the rest of the 220 matures on April 30 and we would want to let it mature and pay the remainder of the first installment on that date.
----- Original Message -----
**From:** Perry, Timothy
**To:** Michael C. Fee
**Sent:** Friday, April 06, 2007 4:12 PM
**Subject:** RE:

OK 10 day default.  I'll prepare the paperwork.  Thanks
-----Original Message-----
**From:** Michael C. Fee [mailto:mfee@feelaw.com]

**Sent:** Friday, April 06, 2007 4:07 PM
**To:** Perry, Timothy
**Subject:** Re:

Ok. We'll take the deal but Nuri wants to eliminate all possibility of default. Please get us a 10 day default period and we 're done.
----- Original Message -----
**From:** Perry, Timothy
**To:** Michael C. Fee
**Sent:** Wednesday, April 04, 2007 5:14 PM
**Subject:** RE:

I am confident I can get him to agree on a five day grace period.  I cannot get him to give in on anything less than the $220,000 up front and $40,000 over time.  As it is, he's telling me to now go up to $275,000 and to increase the demand another $5000 per week until trial.  I do not want to do that, but he's teliing me to -- I truly believe he wants to go to trial.  Let me know what you can do.  Thanks.  TIm
-----Original Message-----
**From:** Michael C. Fee [mailto:mfee@feelaw.com]
**Sent:** Wednesday, April 04, 2007 7:59 AM
**To:** Perry, Timothy
**Subject:** Re:

I think this ok if Dan can agree to give us a five day grace period with faxed notice on a late payment, and a 10k discount if we can pay the back 40K within 90 (as opposed to the 180) days.
----- Original Message -----
**From:** Perry, Timothy
**To:** Michael C. Fee
**Sent:** Tuesday, March 27, 2007 2:19 PM
**Subject:** RE:

I have been thinking about a way around the need for Maureen to appear on the agreement for judgment, promissory note and mortgage.  Here is my thought:  Nuri would sign the agreement for judgment only as to the conversion count (and in the amount of $210,000 plus interest).  The agreement for judgment is held in escrow pending the remaining $40,000 payments.  Maureen does not sign the agreement for judgment.  The case is dismissed <u>without</u> prejudice.  If Nuri fails to make any of  the payments, Epstein can enter the agreement for judgment against Nuri and pursue his 93A claim against Nuri.  At that time, Epstein would also be able to pursue all previously dismissed claims against Maureen.


**WHEREFORE**, Plaintiff requests that this Honorable Court enforce the

settlement agreement consistent with the terms set forth in the e-mails between counsel

including, in particular:

(a)     Judgment Enters in favor of Plaintiff and against Defendant Nuri Otus on Count I of Plaintiff's Complaint in the total amount of $260,000, plus 12% interest per annum from November 22, 2003 to present (and continuing at that rate until full payment).  Upon immediate payment of $260,000 all other counts against Otus shall be dismissed.  If Otus fails to make payment of the $260,000 within thirty days, Plaintiff

may proceed on all claims set forth in the Complaint. Counts II-VII are therefore dismissed, <u>without</u> prejudice.

 (b) Counts I-VII against Cunningham are dismissed, <u>without</u> prejudice to Plaintiff's right to bring the claims in the event that Defendant Otus fails to make any payments as per paragraph (a), above.

 (c) All counts of Cunningham's counterclaims are hereby dismissed, with prejudice.

Respectfully submitted,

**MICRO SIGNAL RESEARCH, INC.**,

By its attorney,

/s/ Gregory T. Donoghue
Timothy J. Perry (BBO #631397)
Gregory T. Donoghue (BBO#661480)
PRETI FLAHERTY BELIVEAU
PACHIOS & HALEY LLP
One Beacon Street
Boston, MA  02110
(617)   226-3800
fax (617) 226-3801

## LOCAL RULE 7.1(A)(2) CERTIFICATE

 Pursuant to Local Rule 7.1(A)(2), the undersigned counsel certifies that Timothy Perry conferred with defendants' counsel Sabrina Lanz on Monday May 7, 2007 in a good faith attempt to resolve the issues presented in this motion. The parties could not come to an agreement on the issues set forth herein and could not narrow the issues in dispute.

Dated:  May 10, 2007      /s/ Gregory T. Donoghue
                Gregory T. Donoghue

## **CERTIFICATE OF SERVICE**

  I do hereby certify that the above document was served upon counsel of record for defendants via ECF transmission, and to those non ECF participants, via first class mail.

Dated:  May 10, 2007            /s/ Gregory T. Donoghue
                    Gregory T. Donoghue